84 F.Supp. 300 (1949)
Ex parte ATKINSON.
UNITED STATES
v.
ATKINSON.
Crim. Nos. 17388, 17410.
United States District Court E. D. South Carolina, Alken Division.
June 7, 1949.
*301 W. Croft Jennings, Columbia, S. C., for petitioner.
Ben Scott Whaley, United State Attorney, Charleston, S. C., Louis M. Shimel, Assistant United States Attorney, Charleston, S.C., for United States of America.
WYCHE, Chief Judge.
The petitioner petitions the Court to vacate the judgment and sentence in the above cases under the provisions of Section 2255, 28 U.S.C.A., upon the ground, among others, that he was not guilty of the offense charged in the indictment and information to which he plead guilty.
The motion of the petitioner, files and records in the cases did not conclusively show that the petitioner was not entitled to relief, and for this reason I caused notice *302 of the petitioner's motion to be served upon the United States Attorney, who, in due time, filed his return in opposition to the motion, copy of which was ordered to be served upon petitioner, and upon his application for counsel, I appointed W. Croft Jennings, Esq. of Columbia, South Carolina, as counsel to represent the petitioner in this proceeding.
From the motion of the petitioner and the return of the United States Attorney I find the following facts: An indictment was returned against the petitioner in the Eastern District of South Carolina in which he was charged with transporting "a stolen motor vehicle, to wit, a 1948 Ford ¾ ton pickup truck, Motor No. 71238, the property of one D. C. Jones, from Columbia, State of South Carolina, in the Eastern District of South Carolina, to Augusta, State of Georgia, and he then knew the motor vehicle to have been stolen." An information was filed against petitioner in the Western District of North Carolina, in which it was alleged that he "did steal and transport in interstate commerce one 1948 Chevrolet Sedan, Motor No. FAM-127053, from Charlotte, North Carolina to Greenville, South Carolina, knowing same to have been stolen, in violation of Title 18, Section 408, United States Code", and, by consent, this case was transferred to the Eastern District of South Carolina for trial; competent and experienced counsel was appointed by the Court to represent petitioner at the trial; petitioner was furnished with copy of the indictment and copy of the information and was advised of the specific charges against him, as contained therein; after a conference between the petitioner and his counsel, the petitioner waived arraignment and plead guilty to the indictment and to the information, after which sentence was duly imposed; at no time did petitioner's counsel, or anyone in the presence of petitioner's counsel, or anywhere else, tell the petitioner that he was charged in the indictment and information with uttering worthless checks; the petitioner was advised by his counsel that it was his privilege to plead not guilty, in which event his counsel advised him that he would defend him to the best of his ability; after considering the matter the petitioner voluntarily decided to plead guilty; the petitioner acquired possession of and title to seven automobiles by giving worthless checks in the purchase of the same to the owners thereof. The admitted facts with reference to the charge in the indictment are as follows: Petitioner purchased a 1947 Chevrolet Aero Tudor Sedan from the owner at Charleston, South Carolina. A worthless check in the amount of $2,200 was given by petitioner in payment for it. This check was drawn on the First National Bank of Atlanta, Georgia. The 1947 Chevrolet Sedan was then driven to Columbia, South Carolina, where it was traded by petitioner for a 1948 Ford pick-up truck (the motor vehicle described in the indictment) and an additional $150 in cash. This 1948 Ford pick-up truck was then driven from Columbia, South Carolina, to Savannah, Georgia, where it was sold for $1500 cash. The admitted facts with reference to the charge in the information are as follows: Petitioner purchased a 1948 Chevrolet Aero Tudor sedan from the owner at Charlotte, North Carolina, in payment for which he gave a worthless check in the amount of $2500 drawn on the First National Bank of Atlanta, Georgia. This car was then driven to Greenville, South Carolina, where it was sold for $2375, cash. At the time the petitioner plead guilty to the indictment and information in these cases he thought that the fraudulent manner in which he obtained possession and title to the automobiles and transported them in interstate commerce constituted a violation of the National Motor Vehicle Theft Act; there is no evidence to sustain the allegation of the petitioner that he did not obtain a fair trial or a fair hearing; there is no evidence to support the contention that any of his constitutional rights were violated; the court had jurisdiction of the petitioner and jurisdiction of the offense charged in the indictment and information lodged against him.
It is contended by the United States Attorney that neither habeas corpus nor a proceeding under Section 2255, 28 U.S.C. A., can be used as a substitute for appeal and will not lie either to examine the sufficiency of the evidence to support a conviction, or to inquire, whether, when an *303 indictment or information to which the defendant entered a guilty plea, does state an offense, or the actual facts really constitute an offense as a matter of statutory construction, and that while the Court might have held that obtaining automobiles on the strength of bogus checks does not constitute larceny, the petitioner is not in a position to raise the question at this time. To sustain his contention he cites the following cases: Kelly v. Johnston, 9 Cir., 128 F.2d 793; Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.
Section 2255 is a new section and is a proceeding in the nature of a writ of error coram nobis. It was intended to correct an erroneous sentence without resort to habeas corpus. A motion for such relief may be made at any time. This procedure to enable a trial court to correct its own judgment when found by it to have been based upon an error of fact not apparent on the common law record has long been recognized at common law. The writ of error coram nobis brings the error of fact directly before the trial court. The function of a coram nobis proceeding is to bring to the attention of the court and to obtain relief upon errors of fact, or a valid defense existing in fact but which, without negligence of the defendant, was not made either through duress, fraud, or excusable mistake of such a character that if known in time would have prevented the rendition of the judgment. People v. Gleitsman, 396 Ill. 499, 72 N.E.2d 208. Generally, the purpose of coram nobis is to bring to the court's attention some fact which was unknown to the court, and if known, would have resulted in a different judgment. It was designed, not by legislation, but by the judiciary to meet certain extreme exigencies of justice. Mitchell v. State, 179 Miss. 814, 176 So. 743, 121 A.L.R. 258.
Generally, neither habeas corpus nor a motion in the nature of an application for writ of coram nobis can be availed of in lieu of an appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights; it is only when there has been a denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of petition for writ of error coram nobis or under 28 U.S.C.A. § 2255. Howell v. United States, 4 Cir., 172 F.2d 213, 215. In the case of Sunal v. Large, supra, 332 U.S. 174, 179, 67 S.Ct. 1588, 1591, 91 L.Ed. 1982, the Supreme Court said: "It is plain, however, that the writ (of habeas corpus) is not designed for collateral review of errors of law committed by the trial court  the existence of any evidence to support the conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross the jurisdictional line. * * * Yet the latter rule is not an absolute one; and the situations in which habeas corpus has done service for an appeal are the exceptions. Thus where the jurisdiction of the federal court which tried the case is challenged or where the constitutionality of the federal statute under which conviction was had is attacked habeas corpus is increasingly denied in case an appellate procedure was available for correction of the error. Yet, on the other hand, where the error was flagrant and there was no other remedy available for its correction, relief by habeas corpus has sometimes been granted." As stated by the Supreme Court in Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455, the rule which requires resort to appellate procedure for the correction of errors "is not one defining power but one which relates to the appropriate exercise of power." That rule is, therefore, "not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Sunal v. Large, supra, 332 U.S. 174, 180, 67 S.Ct. 1588, 1592, 91 L.Ed. 1982.
In the case of Ex parte Hudgings, 249 U.S. 378, 39 S.Ct. 337, 340, 63 L.Ed. 656, 11 A.L.R. 333, petitioner was adjudged guilty of contempt for committing perjury. The court did not require the petitioner to pursue any appellate procedure, but issued an original writ and discharged him, holding that perjury without more was not punishable as a contempt. That situation was deemed exceptional in view of "the nature of the case, of the relation which the question *304 which it involves bears generally to the power and duty of courts in the performance of their functions, of the dangerous effect on the liberty of the citizen when called upon as a witness in a court which might result if the erroneous doctrine upon which the order under review was based were not promptly corrected * * *."
The foregoing pronouncements of the Supreme Court with reference to the writ of habeas corpus should apply with equal force to proceedings under Section 2255, 28 U.S.C.A., supra.
Here the proceedings present facts which are exceptional and unusual and which, for this reason, justify the petitioner in resorting to proceedings for relief under the provisions of Section 2255, 28 U.S.C.A. At the time petitioner entered his plea of guilty to the indictment and information he was acting under a misconception and imperfect understanding of his situation. He thought that the acts committed by him constituted a violation of the Motor Vehicle Theft Act. It will be observed that petitioner plead guilty to an indictment and also an information charging him with violation of Title 18 U.S.C.A. § 408, now Sections 2311-2313, known as the National Motor Vehicle Theft Act, relating to the interstate transportation of automobiles alleged to have been stolen. The statute provides, "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle * * *, knowing the same to have been stolen, shall be punished * * *." Before the petitioner could be convicted, under the indictment and information filed against him, it would be incumbent upon the Government to prove that the automobiles were stolen before being transported in interstate commerce. The words "larceny" or "stolen" are not defined in the National Motor Vehicle Theft Act, therefore, I must resort to the common law to ascertain the meaning of such terms. United States v. Palmer, 3 Wheat 610, 634, 16 U.S. 610, 634, 4 L.Ed. 471; United States v. Smith, 5 Wheat 153, 159, 18 U.S. 153, 159, 5 L.Ed. 57; United States v. Patton, 3 Cir., 120 F.2d 73, 75; United States v. Brandenburg, 3 Cir., 144 F.2d 656, 659, 154 A.L.R. 1160. Larceny, at common law, is the taking and carrying away from any place, at any time, of the personal property of another, without his consent, by a person not entitled to the possession thereof, feloniously, with intent to deprive the owner of his property permanently, and to convert it to the use of the taker or of some person other than the owner. 52 C.J.S., Larceny, § 1, page 779. One of the essential elements of the crime is that the taking must be without the consent of the owner. If the owner of personal property delivers it to another with the intention not only of parting with possession, but also of investing the person to whom it is delivered with the title to it, generally such person is not guilty of larceny in receiving it, even though the delivery was induced by fraud or false representations. United States v. Patton, 3 Cir., 120 F.2d 73; Hite v. United States, 10 Cir., 168 F.2d 973; Loney v. United States, 10 Cir., 151 F.2d 1, 4. It should be stated, however, that it has been held that a person who obtains property fraudulently may be guilty of larceny, even though the intent of the parties was to pass title, on the ground that fraud prevents the actual passing of title. 52 C.J.S., Larceny, § 36, page 830; cf. Stewart v. United States, 8 Cir., 151 F.2d 386.
The petitioner in this case, under the admitted facts, did not take the automobiles from the owners thereof against their will or without their consent.
It is my opinion that under the facts in this case and under the recent decision of Hite v. United States, supra, 10 Cir., 168 F.2d 973, the automobiles described in the indictment and information against petitioner were not stolen automobiles within the meaning of the National Motor Vehicle Theft Act when they were transported in interstate commerce.
It is my conclusion that I should vacate and set aside the judgment and sentence heretofore imposed in the cases above stated, and to declare the same null and void, and it is so ordered.
Let a certified copy of this opinion and order be forthwith served upon the defendant at the United States Penitentiary in Atlanta, Georgia.