**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe CAPSOPA et al., Defendant-**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John CAPSOTA, alias Frank Costello,**
**Defendant-Appellant.**

**Nos. 391, 392, Dockets 25385, 25386.**

United States Court of Appeals
Second Circuit.

Submitted June 2, 1958.

Decided Oct. 24, 1958.

---

Herbert F. Roth, Asst. U. S. Atty., Southern District of New York, New York City (Paul W. Williams, U. S. Atty., Southern District of New York, New York City, on the brief), for plaintiff-appellee.

Herbert E. Rosenberg, New York City, for defendant-appellant.

Before HINCKS, PICKETT and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Appellant appeals from an order denying his motion made pursuant to 28 U.S. C.A. section 2255 and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S. C.A., to vacate and set aside two judgments of conviction for violations of the federal narcotics laws. The grounds asserted for the relief requested were that the judgments imposed upon him in the Southern District in 1937 and 1941, respectively, were in violation of due process because he was not represented by counsel. The reason that appellant is desirous of vacating these federal convictions is that again in the toils of the law as a narcotics offender he was sentenced by a court of the State of New York in 1950 as a fourth felony offender. The basis for his status as a fourth offender was the history of three prior convictions in the federal court in the Southern District of New York for narcotics violations in 1937, 1941 and 1946. As to the last conviction, appellant makes no claim that he was not represented by counsel. The district court found that the records and affidavits before him "sufficiently indicate that the defendant was represented by counsel both in 1937 and in 1941." Although appellant had requested to appear and testify upon a hearing, the court found no justification for a hearing, saying "The naked assertion of the defendant to the contrary is not sufficient to raise a genuine issue of fact."

Procedurally, the motion is not properly within section 2255, the sentences having been served, but it will be regarded as a petition for a writ in the nature of *coram nobis*. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

In many of these cases the defendants allow a substantial period of time to elapse before they assert their alleged grievances. This may be because they are unaware of their rights or because the law has been developing in their favor or because counsel has been found who is able and willing to espouse their cause. In any event, in this case twenty years have elapsed since the 1937 plea of guilty and the imposition of sentence, the trial judge is dead, counsel said to have appeared for appellant cannot be located, and counsel for the government in the case can no longer remember the specific case. Because of this unavail-

ability of persons having actual knowledge, the government can do no more than to rely upon the court's bailiff to describe the practice of the trial judge in explaining to a defendant his constitutional rights, insisting that defendants be represented by counsel, assigning counsel if defendants were not represented and advising them that if a plea of guilty were tendered a jail sentence could be imposed.

In addition, the government submitted the affidavit of the attorney alleged to have represented appellant in 1941 who stated that "To the best of my recollection, I represented John Capsota in 1941 when he pleaded guilty in the United States District Court for the Southern District of New York to an indictment charging violation of the narcotic laws." The Assistant United States Attorney in charge of the 1937 case also made an affidavit to the effect that it was the practice of the particular trial judge to explain to defendants their constitutional rights, their right to representation by counsel, the assignment of counsel if the defendants were not so represented and to advise defendants that a jail sentence could be imposed. The judge would then inquire whether the plea of guilty was tendered "without any mental reservation."

Against these affidavits is the affidavit of appellant himself who stated that he would like to cross-examine his alleged counsel of 1941 as to his representation and that "No person knows better than me that I appeared alone both in 1937 and in 1941 when I stood before the Court, changed my pleas and thereafter was sentenced."

Had a hearing been held the court might well have found defendant's testimony to have been a "naked assertion," but as the record now stands there are two assertions (1) by the appellant that he was not represented by counsel in 1937 and in 1941 and (2) by the government that appellant was actually represented in 1937 and in 1941 and that it was the practice of the then trial judge to advise defendants of their rights and to insist upon representation by counsel. The weight to be attributed to the testimony of the various witnesses can best be determined upon a hearing.

In final analysis, both appellant and the government should be better satisfied after a hearing. If he fails, appellant will at least know that the courts have endeavored to give him the maximum protection which the Constitution affords. The government, in turn, should be desirous of knowing that appellant's potential life imprisonment is founded upon a solid basis of fact; if not so based, it should be the first to urge that the conviction be modified accordingly. This result seems more consistent with the recent decision of the Supreme Court in United States ex rel. Farnsworth v. Murphy, 79 S.Ct. 76, vacating and remanding, 2 Cir., 254 F.2d 438.

In our opinion a hearing should have been granted and the decision denying it should be reversed.