UNITED STATES of America, Plaintiff-Appellee

v.

Charles FRENCH, Jr., Defendant-Appellant.

No. 12792.

United States Court of Appeals Seventh Circuit.

Feb. 4, 1960.

Roy Cook, Kansas City, Kan., for appellant.

Edward G. Minor, U. S. Atty., Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and SWYGERT, District Judge.

SWYGERT, District Judge.

This is an appeal from a denial of a motion to vacate sentence pursuant to Title 28 U.S.C. § 2255. The defendant claims that his constitutional rights were violated because of the circumstances surrounding his arrest, arraignment and plea. He further claims a violation of the principle enunciated in Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

The defendant alleges that on October 20, 1951, he was arrested at his home and taken to the local Federal Bureau of Investigation office; that he remained there until October 23, 1951, when he was taken before the United States Commissioner, whose office was within a few blocks of where he was detained by the F.B.I. He further alleges that during this detention he was held incommunicado, that he was not advised of his constitutional rights, and that he was not allowed to consult an attorney; that only after formally confessing participation in an armed robbery of the Laona State Bank at Laona, Wisconsin, on October 19, 1951, was he taken to the United States Commissioner's office, where a formal complaint was lodged against him and a preliminary hearing held.

On November 5, 1951, the defendant appeared before the district court. At that time he was explicitly advised of his right to trial by jury and his right to have an attorney of his own choosing or, if he were without funds, his right to have a court-appointed attorney. At that time the defendant indicated that he did not want an attorney, even though, he stated, he had money with which to obtain one.

The defendant was informed of the penalties that might be imposed if he were found guilty after trial or after a plea of guilty. The district court further informed the defendant that a plea of guilty, "in and of itself, waives the right to trial by jury and waives the right to trial at all, because after a plea of 'guilty' there is nothing to try".

At a second appearance before the district court on November 13, 1951, the defendant was again advised of his right to counsel, and he reiterated his desire not to have an attorney. At this appearance, the court also explained to the defendant his right to have the charge investigated by a grand jury or to be charged under an information upon his execution of a waiver of indictment and a consent to be prosecuted by way of information. The defendant, after having the waiver read and explained to him, signed the waiver and consent. The court then read to him the information in two counts, charging bank robbery and assault in the commission of the robbery in violation of Title 18 U.S.C. § 2113, and asked him whether he pleaded guilty or not guilty. The defendant stated that he understood the charges made against him and that he was guilty. At a subsequent date the defendant was sentenced to fifteen years imprisonment.

Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that an arrested person be taken without unnecessary delay before the nearest available United States Commissioner or other nearby committing officer. The defendant alleges that his confession was obtained by government agents in violation of this rule and that under the doctrine established in Mallory v. United States, supra, it became inadmissible as evidence. He contends that except for this confession he would not have pleaded guilty. He therefore argues that the conviction should be set aside and the sentence vacated.

█ The contention made in this case is quite like that dealt with in United States v. Kniess, 7 Cir., 264 F.2d 353. In that case this Court pointed out that since the defendant elected to plead guilty, it was unnecessary for the Government to use the confession against him and that under the circumstances of the case the rule first enunciated in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and later in Mallory v. United States, supra, was inapplicable. Similarly, in Hall v. United States, 8

Cir., 259 F.2d 430, where a plea of guilty was freely and voluntarily entered, the contention that an extra-judicial confession was obtained in violation of Rule 5 (a) of the Federal Rules of Criminal Procedure was held to present no reason to vacate the sentence.

■ A plea of guilty, if understandingly and voluntarily entered, is conclusive. Nothing more is required. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. The basis of the conviction is the guilty plea and not the evidence, including a confession, which might be offered if the case proceeded to trial. The question of the admissibility of the confession as evidence therefore becomes immaterial under such circumstances.

■ As was pointed out in the Kniess case, constitutional issues are not involved when an extra-judicial confession is asserted to have been inadmissible because of the McNabb-Mallory doctrine. The issue of admissibility must be asserted during trial and raised by direct appeal, rather than by a collateral attack on the judgment of conviction under § 2255.

■ The record in this case leaves no doubt that the defendant's plea of guilty was understandingly and voluntarily made. The district court carefully and thoroughly explained to the defendant his constitutional rights. He was fully informed of the contents of the information and the consequences of a plea of guilty. The defendant stated unequivocally that he understood the charge and that he was guilty. A sentence imposed after a plea made under these circumstances cannot be attacked later for reasons such as are asserted here.

It is significant to note that the defendant does not state in his petition to vacate that he is innocent of the crime charged. While the absence of such an allegation may not alone be regarded as dispositive of this matter, it lends strong support to our conclusion that this appeal is without merit.

Affirmed.