Samuel Patrick **FARRAR**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

Civ. A. No. C–64–77.

United States District Court
W. D. Wisconsin.

Sept. 15, 1964.

Samuel Patrick Farrar, pro se.

Michael J. Wyngaard, Acting U. S. Atty., Western District of Wisconsin, for respondent.

RABINOVITZ, District Judge.

Samuel Patrick Farrar filed his petition under 28 U.S.C.A. § 2255 to vacate the judgment and sentence based upon his plea of guilty to charges of counterfeiting. He alleged numerous points which may be summarized, inter alia, as follows: That petitioner did not have the assistance of counsel at the time of his interrogation by police officials; that petitioner did not have effective assistance of counsel, in that counsel was not appointed until several minutes before a plea of guilty was entered; and that petitioner was threatened and intimidated by police officials.

Farrar entered his plea of guilty on August 8, 1962, at which proceedings, the following testimony was given:

U. S. Attorney: "You have advised them, Mr. Kay, as to their right of indictment?

Mr. Kay: "I have.

"Your Honor, I have fully advised the defendants as to their rights to indictment, and they both inform me that they wish to waive indictment.

The Court: "You may. Do you understand that, gentlemen?

Farrar: "Yes, Sir.

\* &ast; &ast; &ast; &ast; &ast;

U. S. Attorney: "The informations are in the hands of the defendants, and Mr. Kay, their attorney, has had a chance to see them previously.

\* &ast; &ast; &ast; &ast; &ast;

Mr. Kay: "The defendant Patrick Farrar wishes to enter a plea of guilty to each of the eight counts contained in the information.

The Court: "Do you understand that?

Farrar: "Yes, your Honor, that's correct.

The Court: "Do you enter pleas of guilty, now, to the eight counts of the information?

Farrar: "Yes, sir, I understand.

\* &ast; &ast; &ast; &ast; &ast;

Mr. Kay: "Your Honor, at this time I would like to request that the Court remand these gentlemen to the custody of the Marshal pending a presentence investigation.

\* &ast; &ast; &ast; &ast; &ast;

The Court: "Now, I may say to you boys, it will be to your best interests to make a full disclosure to the Probation Officer and to the District Attorney (sic) of all you know about this matter—when you started it, and who else, if any others, may have been interested in passing this money, and anything that will be helpful to wipe out this whole affair.

Mr. Kay: "Your Honor, both the defendants have already given the Federal authorities a great deal of information and will be ready to give testimony at the trial, if one results, of one of the defendants in this matter, to testify on behalf of the prosecution."

The Court's inquiry as to the voluntariness and knowledgeability of Farrar's plea of guilty might be viewed as falling short of the standards required, United States v. Davis, 212 F.2d 264 (7th Cir. 1954), standing alone. But, it has not been alleged in the petitioner's motion that the plea was improvidently entered, even if, arguendo, petitioner did not have the assistance of effective counsel. His attorney stated, without contradiction by Farrar, that Farrar had been cooperating with Government authorities respecting the counterfeiting operation. Neither

petitioner nor his counsel requested an adjournment or delay for purposes of preparation.

At the hearing on sentencing, September 24, 1963, the Court asked the defendant if he had "any reason to advance why sentence should not be passed on you here, now, this morning?" Farrar replied, "No, your Honor, I have not." Then followed a lengthy statement by his attorney in respect to mitigation of the penalty. At one point, his counsel stated: "However, Mr. Farrar has waived all his rights in this proceeding, including grand jury; he has stood before the Court acknowledging his guilt right from the beginning. He has acknowledged it here today, and only asks that the Court look at what he has done in the last year * * *."

The Court then asked Farrar if there was anything he wished to add. Petitioner stated that he wanted to enroll in medical school, and, accordingly wished consideration when the Court imposed sentence. Petitioner received a three year sentence.

Following his commitment, Farrar addressed a letter to the sentencing Judge, the general tenor of the letter being a plea for reduction in sentence. The letter read in part, "Before my trial on these charges, I was told by Mr. Kay that I could beat these charges because the Government had violated my civil rights, and many other things. I told him I wanted to plead guilty and get the whole repulsive business of counterfeiting over. I wanted a clean start. I also volunteered to be a witness for the Government. * * * Mr. Kay was incorrect, in court, when he said I did this counterfeiting as a 'LARK'. It was to rejuvenate a business, as a last resort, and was stopped because it was so repulsive, in spite of the business not being rejuvenated. * * * You sir, were very generous in giving me the kind of sentence you gave me. Upon seeing what this sentence means here however, I have found that while I have the right to appear before the parole board, in spite of good conduct, this does not necessarily mean I will be paroled. The consensious (sic) seems to be that if the Judge desired the prisoner being let out in a shorter time he would have given him a shorter sentence or probation himself."

In response to the foregoing letter, the Judge issued an order which considered the letter as a motion for reduction of sentence. Rule 35, F.R.Cr.P. As such motion, it was denied.

From February 26 to 29, 1964, this Court presided over a counterfeiting trial, United States v. Dunwald, Criminal Number 14,109, at which Farrar testified on behalf of the Government. Dunwald was charged with being an accomplice to the counterfeiting activities engaged in by Farrar. Farrar's testimony, some 180 pages in length, amounted to a reaffirmation of his guilt. He freely and candidly described his counterfeiting operation, and attempted to show what part Dunwald had played. In fact, in re-reading the transcript, in considering the present motion, one is struck with the rather illuminating and learned account as to how to make counterfeit bills. The jury acquitted Dunwald.

On direct examination, Farrar said:

Q. "And for why—why were you committed?

A. "Because of I committed the felony of counterfeiting.

Q. "Did you plead to that count?

A. "Yes, sir.

Q. "How did you plead?

A. "I pled guilty, sir.

Q. "Now, Mr. Farrar, concerning your counterfeiting activities, would you please tell the court and jury when you started counterfeiting?

A. "I started trying to counterfeit about in September of 1961."

On cross-examination, Farrar testified as follows:

Q. "And you are there [federal penitentiary] on the basis of what?

A. "My plea of guilty to a charge of counterfeiting.

Q. "And you are serving a sentence for counterfeiting?

A. "That's correct."

Petitioner has not been denied the assistance of effective representation. The transcripts of Farrar's testimony and the letter, portions of which were referred to above, dispel this point. His attorney's belief that he could "beat" the case is not consistent with petitioner's claim that counsel had insufficient time to prepare the case. Farrar has never denied his guilt, he has never claimed police coercion or any violation of his rights, until he filed this petition. There is not a scintilla of evidence in the record which would lend any credence to any of the charges alleged by petitioner.

Four weeks elapsed between the entering of the plea and the sentencing. This was sufficient time for Farrar to consult with his counsel. In Kennedy v. United States, 259 F.2d 883 (5th Cir. 1959), cert. den. 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, where counsel conferred with defendant for approximately 20 minutes before entering a plea of guilty to a kidnapping count, and then, during the week defendant conferred with his attorney, while awaiting trial on the matter of punishment, the Court of Appeals said: "[W]e think appellant has fully acquiesced in the action taken by his original counsel is entering the plea before more complete discussion of the matters involved." Such reasoning is appropriate here. Farrar had four weeks to consult with his attorney. Farrar made no objection when, at the sentencing hearing, his attorney rather forcefully admitted his client's guilt. The record indicates a clear expression of guilt, rather than an invasion of petitioner's rights.

This is not a case where granting the relief requested is necessary because the representation by counsel amounted to no more than a farce or a mockery of justice. United States v. Garguile, 324 F.2d 795 (2nd Cir. 1963). This Court is satisfied that counsel for petitioner did his best for his client. But, assume, arguendo, that

errors in trial tactics were committed, what is said in Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958), cert. den. 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82, is appropos. "We agree that counsel might have done these things, and perhaps, guided by hindsight, other things; but we do not agree that failure to do so is such ineffective assistance of counsel as to warrant a new trial." The Court then proceeded to rest its decision on the "stronger" ground of a voluntary plea of guilty.

The reasons set forth in petitioner's motion are but bald assertions, without merit, of constitutional rights being invaded. On the state of this record, the opinion of Judge Parsons, in Cerniglia v. United States, 230 F.Supp. 932 (N.D. Ill.E.D.1964), is apt. "Even if the motion to suppress had been denied erroneously, it would not follow automatically that subsequent conviction based upon a plea of guilty would be a nullity. It is the law of the Seventh Circuit that a voluntary and intentional plea of guilty constitutes a waiver of objections to prior proceedings, including alleged prior violations of the defendant's rights. United States v. French, 274 F.2d 297 (7th Cir. 1960)."

In the French case, the petitioner argued that a confession made by him was obtained in violation of Rule 5, F.R.Cr.P. and in violation of the McNabb-Mallory doctrine. And that solely because of his confession he pleaded guilty. The Court of Appeals ruled that where the plea of guilty was freely and voluntarily given, invasion of other constitutional rights is not a basis for attacking the sentence. The Court said, "A plea of guilty, if understandingly and voluntarily entered, is conclusive. Nothing more is required. * * * The basis of the conviction is the guilty plea and not the evidence, including a confession, which might be offered if the case proceeded to trial. The question of the admissibility of the confession as evidence therefore becomes immaterial under such circumstances. * * * [C]onstitutional issues are not involved when an extra-judicial confes-

sion is asserted to have been inadmissible because of the McNabb-Mallory doctrine. The issue of admissibility must be asserted during trial and raised by direct appeal, rather than by a collateral attack on the judgment of conviction under § 2255."

There is no statement in the record, or in the motion before this Court, which alleges the innocence of petitioner. The absence of such a statement is not conclusive on the question before this Court. Nevertheless, "it lends strong support to [the] conclusion that this appeal is without merit." United States v. French, supra.

The record shows conclusively that petitioner is not entitled to the relief sought. In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), it is said, "What has been said is not to imply that a movant must always be allowed to appear in district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petitioner in the present case can approximately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court."

In Jones v. United States, 290 F.2d 216 (10th Cir. 1961), the district court denied relief without a hearing. The Court of Appeals, in affirming, held, "We affirm the judgment for the files and records of the case conclusively show that petitioner is entitled to no relief. * * * The admitted facts constitute the very offense to which petitioner has pleaded guilty and

for which he was sentenced." Accord, Cerniglia v. United States, supra.

In Wheeler v. United States, 230 F. Supp. 988 (E.D.Mo.N.D.1964), petitioner was represented, at the trial, by counsel of his own choice. After trial, conviction, and affirmance on appeal, a petition was filed under § 2255 alleging that petitioner was insane before, during and after his trial. The court had a thorough pre-sentence report as part of the record. The report considered the petitioner's mental condition, and the fact that a Veterans Hospital had discharged petitioner because he was sane and competent. The court ruled, without a hearing, that at no time did petitioner or his counsel apprise the court of possible questions of competency, that the record disclosed petitioner had competent counsel, and that petitioner was now attempting to contradict the record with a "bald assertion * * * without an iota of fact, either, in the record or outside of the record, in support of his allegation." The mere allegation of insanity on a motion to vacate a sentence was held insufficient to require a hearing.

Leave was granted to petitioner to proceed in forma pauperis. This Court has made its independent consideration of the motion. The Court did not appoint counsel. Normally counsel should be appointed in § 2255 cases, Campbell v. United States, 318 F.2d 874 (7th Cir. 1963), even where no specific request has been made. A justifiable exception is where the "motion is completely groundless or utterly and hopelessly frivolous." Cerniglia v. United States, supra. This Court holds that the present motion is completely without merit and "hopelessly frivolous."

The motion to vacate and set aside the sentence imposed upon petitioner, and that a hearing, at which petitioner is present, on the matter, must be and the same is hereby denied.

It is so ordered.