**UNITED STATES of America,**
**Appellee,**

v.

**Samuel Patrick FARRAR, Appellant.**

**No. 14844.**

United States Court of Appeals
Seventh Circuit.

June 1, 1965.

H. William Ihrig, Milwaukee, Wis., for appellant.

Marc Stickgold, Asst. U. S. Atty., Madison, Wis., Michael J. Wyngaard, Acting U. S. Atty., Western Dist. of Wis., for appellee.

Before HASTINGS, Chief Judge, and DUFFY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from an order of the district court denying a motion to vacate sentence filed pursuant to section 2255 of the Judicial Code, 28 U.S.C. § 2255. Petitioner Samuel Patrick Farrar challenged the validity of his conviction and sentence imposed after his plea of guilty to an eight-count information charging him with various counterfeiting violations defined by the federal statutes.

The record before us shows the following facts. On July 31, 1962, petitioner was arrested by state authorities in Wilton, Wisconsin. The following day, he was taken into federal custody upon a complaint signed by a Secret Service agent and a warrant issued by a United States Commissioner. Upon his immediate appearance before the commissioner, the hearing was adjourned in order for petitioner to obtain an attorney. Having secured counsel, petitioner was brought before the commissioner who continued the bond which had been set earlier. Farrar was then transported to Madison, Wisconsin, where he was incar-

cerated until he appeared before the district judge on August 8, 1962. In this appearance before the court the petitioner was again represented by counsel of his choice. After he had been informed of his right to be indicted by a grand jury, Farrar, with the assistance of counsel, entered a plea of guilty to the information charging him with the counterfeiting violations. On August 17, 1962, petitioner furnished bond and was released from custody. A year later, on September 24, 1963, he was sentenced to three years imprisonment. At that time he was represented by the same counsel who had represented him at the arraignment. On September 11, 1964, petitioner filed the instant motion under section 2255. No hearing was held, the district judge denying the motion upon the basis of the record before him. The judge's decision is reported at 233 F.Supp. 264 (W.D.Wis.1964). This appeal followed.

■■ On this appeal petitioner has raised a number of issues all relating to alleged events preceding his arraignment and plea of guilty. These include: illegal arrest, illegal detention, and various irregularities in the preliminary proceedings before the commissioner. Petitioner also contends that a confession was exacted from him by coercion. Petitioner's final contention is that as a result of these alleged irregularities and the coerced confession, his plea of guilty was involuntary and without understanding. Under these circumstances, we need not individually examine the underlying contentions concerning events prior to the plea of guilty. If the record sustains the conclusion that the guilty plea was entered voluntarily and understandingly, the other issues are not properly before us under a section 2255 motion. When asked to reverse a conviction on the grounds that a confession was illegally obtained, this court held that the sentence was not subject to attack when the defendant had freely and knowingly entered a plea of guilty. United States v. French, 274 F.2d 297 (7th Cir. 1960). "A plea of guilty, if understandingly and volun-

tarily entered, is conclusive. Nothing more is required."

■ Accordingly, we have reviewed the record to determine whether it shows that petitioner entered his plea of guilty voluntarily and understandingly. We need look no further than a statement made by petitioner himself. In a letter treated as a motion for reduction of sentence, Farrar admitted that he had been advised by his attorney not to plead guilty but to contest the charges on the grounds that his civil rights had been violated. Nevertheless, Farrar continued: "I told him I wanted to plead guilty and get the whole repulsive business of counterfeiting over. I wanted a clean start. I also volunteered to be a witness for the government." This statement is sufficient to convince us that petitioner made his plea freely and with full understanding of its consequences. He was represented and advised by competent, self-selected counsel. For reasons of his own, he chose to disregard counsel's advice and to plead guilty. He cannot now retract that plea when it has been shown to have been voluntarily and understandingly entered. His plea of guilty must stand. He cannot now collaterally attack that plea by claiming irregularities preceding it.

■ Petitioner contends that in any event his motion should not have been denied without a hearing. We do not agree. Rather, we hold that the record shows conclusively that petitioner's allegation that his guilty plea was involuntary is groundless. The district judge's failure to grant a hearing was not an abuse of discretion. A movant under section 2255 need not be allowed to appear in a district court for a full hearing with no regard to "how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense." Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Accordingly, we hold that petitioner's motion was properly denied without a hearing

since it appears conclusively from the record that he is entitled to no relief. Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).

The order denying petitioner's motion is affirmed.

Court-appointed counsel, Mr. H. William Ihrig of the Milwaukee bar, deserves our thanks and commendation for the dedicated services he has rendered the petitioner in this appeal.