Richard A. LAUCHLI, Jr., Petitioner,

v.

UNITED STATES of America, Respondent.

No. TH 68-C-35.

United States District Court
S. D. Indiana,
Terre Haute Division.

Nov. 21, 1968.

STECKLER, Chief Judge.

The petitioner is before the court a second time on a motion entitled "Special Motion." By it he seeks to set aside a judgment of conviction on a plea of guilty in Cause No. NA 59–CR–7. The judgment was imposed on January 22, 1960. In view of the nature of the motion it will be treated as a petition for a writ of error coram nobis.

Petitioner asks leave to proceed in forma pauperis and for appointment of counsel. After again reviewing the record in Cause No. NA 59–CR–7, the court finds there is no merit to the present motion. Accordingly, leave to proceed in forma pauperis should be, and is, denied.

Petitioner's first motion attacking the judgment was filed December 13, 1967. In the motion petitioner sought correction of the judgment and sentence under Rule 35, Federal Rules of Criminal Procedure. On the face of the motion it appeared affirmatively that the petitioner was no longer serving a sentence imposed in this court, but rather a sentence imposed by the United States District Court for the Southern District of Illinois at Springfield, Illinois. Petitioner claimed that his confinement in the United States Penitentiary was the indirect result of his conviction in this court; that his conviction in this court was used to convict him in October 1965 in the Southern District of Illinois. After considering the motion, it was found that the asserted improprieties did not relate to the sentence imposed in the Southern District of Illinois, and consequently were not properly reached under Rule 35 of the Federal Rules of Criminal Procedure. The court also concluded that resort could not be had to 28 U.S.C. § 2255 as petitioner was not then in custody pursuant to a sentence imposed by this court. The motion for correction of judgment and sentence, and the application for permission to file in forma pauperis were denied. Petitioner then petitioned the United States Court of Appeals for the Seventh Circuit for leave to proceed in forma pauperis on his appeal from the denial of the motion. By per curiam order the Court of Appeals ruled that since the petitioner had already served the sentence imposed in Cause No. NA 59–CR–7 and agreed with the District Court's order of February 16, 1968, the motion for leave to proceed in forma pauperis should be and was denied, and the appeal was dismissed as frivolous (No. 529, United States Court of Appeals for the Seventh Circuit, April 1, 1968).

If in good conscience this court could find a legal basis for granting the petitioner relief, or even a hearing to determine whether there was compulsion interfering with the voluntariness of his plea of guilty, the court would grant such a hearing. In view of the record, however, such a hearing would be of no avail to the petitioner. Petitioner is relying on the theory that the judgment of conviction in this court, which was based on his plea of guilty, with benefit of privately engaged counsel, has caused an unjustified recidivistic effect upon the sentence imposed in the Southern District of Illinois, and that if he can successfully attack the sentence imposed in 1960 in this court, presumably he can gain freedom from the sentence imposed in the Southern District of Illinois in 1965.

Petitioner claims that his constitutional rights were violated during the time of the investigation in connection with the case in this court and while he was before the court in that he was stopped, searched, and held by the Sheriff of Jefferson County, Indiana, at Madison, Indiana, at the direction of, and for the purposes of, the Federal Bureau of Investigation, without benefit of a search warrant, in violation of the Fourth Amendment; that the indict-

ment in Cause No. NA 59–CR–7 was obtained by use of a confession of guilt obtained through duress and coercion, in violation of the Fifth Amendment, and that he was denied assistance of counsel at critical stages of the court proceedings, as well as his appearance before the United States Commissioner and prior to his alleged illegal confession.

Petitioner has requested an order for a transcript of all of the proceedings in Cause No. NA 59–CR–7, including a transcript of the proceedings before the grand jury. In regard to the latter, it is not the practice in the Southern District of Indiana to transcribe proceedings of the grand jury except in extraordinary cases where the United States Attorney desires to preserve evidence elicited before the grand jury. No transcript was made of the proceedings leading to the petitioner's indictment in this court. However, to accommodate the court and for the petitioner's information, the Court Reporter has transcribed the proceedings had here in the Southern District of Indiana. A photo copy of the transcript is furnished the petitioner herewith.

The pertinent parts of the record disclose the following:

1. May 4, 1959, complaint for violation of 18 U.S.C. § 641 on the affidavit of Seamans J. Jones, Special Agent, F.B.I., filed with the United States Commissioner at New Albany, Indiana. The complaint alleged:

"[T]hat on or about February 14, 1959, at Jefferson County, Indiana, in the Southern District of Indiana, Richard Albert Lauchli did then and there unlawfully and feloniously steal the following property made for, and then and there owned by and in the possession of, the United States, to wit:

23 Rocket Launchers, size 3.5″, bearing serial nos. 115047, 124655, 124669, 124717, 180619, 180609, 194350, 194351, 194352, 197060, 206379, 206723, 206724, 206731,

268789, 268793, 268794, 124676, 124614, 204844, 268787, 268788, and 268792, the cost price of which property was in excess of $100.00.

"And the complainant further states that he believes that Captain Douglas McClinton can testify that said property is the property of the United States Government and was stolen on or about February 14, 1959, in a burglary of the Jefferson Proving Grounds. Richard Albert Lauchli has furnished a voluntary signed statement admitting that he stole and carried away said property."

2. May 4, 1959, warrant of arrest issued by United States Commissioner. Accused arrested by United States Marshal.

3. May 4, 1959, petitioner appeared before Commissioner and bail bond fixed at $2,000.

4. May 5, 1959, petitioner filed bail bond in amount of $2,000.00. Bond approved by the court.

5. August 13, 1959, the grand jury indictment was returned in two counts charging the defendant with the violation of 18 U.S.C. § 641 (theft of government property having a value in excess of one hundred dollars ($100.00), to wit:

four 3.5 inch rocket launchers, on or about January 16, 1959, the total value of which was Two hundred eighty-eight dollars ($288.00), more or less, and nineteen 3.5 inch rocket launchers, on or about February 14, 1959, the total value of which was One thousand three hundred sixty-eight dollars ($1,368.00), more or less.

6. August 28, 1959, Attorney John I. Bradshaw, Jr., privately engaged counsel, filed his appearance on behalf of defendant.

7. August 28, 1959, the defendant was arraigned and entered plea of not guilty. On oral motion of defense counsel the court reduced the $2,000 bail bond to $1,000.

8. September 22, 1959, the case was assigned for trial by jury on November 18, 1959.

9. November 12, 1959, the defendant in person and by John I. Bradshaw, Jr., his privately engaged counsel, orally moved for permission to withdraw the plea of not guilty to each of the two counts of the indictment. After hearing, the court granted the motion and the defendant entered his plea of guilty to both counts. The case was then referred to the Probation Office for presentence investigation.

10. The presentence report was generally favorable with the exception that it disclosed that the petitioner had a prior record of conviction for violation of the National Firearms Act, which occurred in 1956 and for which he was fined in the United States District Court at Springfield, Illinois. The report also disclosed that at the time of the presentence investigation the petitioner was the subject of an investigation in the Southern District of Illinois relative to further violations of the National Firearms Act and Federal Firearms Act during 1957. The investigation of the alleged further violations in the Southern District of Illinois was incomplete at the time the presentence investigation was being conducted in connection with the conviction in the Southern District of Indiana.

11. January 22, 1960, the judgment of conviction on each count was entered. The defendant was sentenced to a term of two years on each count, the sentences to run consecutively, and was fined the sum of $250 on each count, for a total fine of $500, together with costs, payment of fine stayed for a period of thirty days, and the execution of sentence to imprisonment was suspended and the defendant placed on probation for a period of two years.

The records presently before this court also disclose that following a trial and finding of guilty petitioner was convicted of violation of the National Firearms Act in the Eastern District of Illinois, and that on November 29, 1965, was sentenced, in Case No. 6427, to two and one-half years on Counts 1, 3, 6, and 7; two and one-half years on Counts 1, 2, 6, and 7, in Case No. 6426, to run concurrently; placed on probation for four years on Counts 8, 9, 10, and 11 in Case No. 6426, to follow the sentence.

Moreover, the records disclose that the petitioner, in a trial before the court without a jury in the Western District of Missouri, was found guilty of interstate transportation of firearms, and on September 25, 1967, was sentenced to the custody of the Attorney General for a period of eighteen months, the sentence being under the provisions of Section 4208(a) (2), Title 18, and to run consecutively to a sentence petitioner was then serving at the United States Penitentiary at Terre Haute, Indiana.

A reading of the petitioner's "Special Motion," including the affidavits filed therewith, and the case law clearly establish that the petitioner is not entitled to an order setting aside his judgment of conviction in 1960 in Cause No. NA 59–CR–7.

 It is the general rule that where the sentence has been served it will not be set aside, even though the sentence is invalid, inasmuch as the question has become moot, Griffin v. United States, 173 F.2d 909 (6th Cir. 1949), especially in case of long delay in seeking relief, United States v. Bice, 84 F.Supp. 290 (D.Md.1949), (petition to vacate sentence twenty-three years after imposition denied because of long delay and failure of petition to show injustice done). Moreover, after service of a sentence an action in equity ordinarily will not lie to impeach the conviction and sentence because of new matter de hors the record. Needham v. United States, 89 F.2d 72 (7th Cir. 1937). It has been ruled, however, that where an invalid sentence creates an unjust result, the errors will not be ignored. Azzone v. United States, 341 F.2d 417 (8th Cir. 1965); Griffin v. United States, supra. See also United States v. Morgan, 346

U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Thus, a past sentence has been expunged so that good-time allowance could be credited on a consecutive sentence.

The function of a coram nobis proceeding is to bring to the attention of the court and to obtain relief from errors of fact, or upon a valid defense existing in fact, but which, without negligence of the defendant was not raised either through duress, fraud or excusable mistake of such a character that if known in time would have prevented the rendition of the judgment. Ex parte Atkinson, 84 F.Supp. 300 (E.D.S.C.1949).

It has been said it is only where there has been a denial of the substance of a fair trial that the validity of the proceedings may be collaterally attacked or questioned by a motion in the nature of a petition for a writ of error coram nobis or under Section 2255. Ex parte Atkinson, supra. A writ of error coram nobis will not lie, even if alleged error is fundamental unless it is probable that a different result would have occurred if the error had been known to the trial court. Bateman v. United States, 277 F.2d 65 (8th Cir. 1960). Thus, under the all-writs section of the Judicial Code, 28 U.S.C. § 1651(a), a federal district court has the power to grant a motion in the nature of a writ of error coram nobis to vacate its judgment of conviction and sentence after the expiration of the full term of sentence and where movant is no longer in federal custody. United States v. Morgan, supra; Farnsworth v. United States, 98 U.S.App.D.C. 59, 232 F.2d 59, 62 A.L.R.2d 423 (1955).

Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through the extraordinary remedy of a petition for a writ of error coram nobis only under circumstances compelling such action to achieve justice. United States v. Morgan, supra. The rule in the *Morgan* case should be narrowly construed and not extended. United States v. Campbell, 278 F.2d 916 (7th Cir. 1960). Further, it has been held that use of evidence obtained by unreasonable search and seizure may not be raised by a statutory motion to vacate. De Welles v. United States, 372 F.2d 67 (7th Cir. 1967); Jones v. Attorney General of the United States, 278 F.2d 699 (8th Cir. 1960); Way v. United States, 276 F.2d 912 (10th Cir. 1960); Eberhart v. United States, 262 F.2d 421 (9th Cir. 1958); Brown v. United States, 239 F.Supp. 41 (E.D.La. 1965) (where defendant knowingly entered plea of guilty). Also, it has been held that alleged illegal search and seizure is not a ground for vacating sentence under a petition for a writ of habeas corpus or under Title 28 U.S.C. § 2255 and does not entitle the prisoner to a hearing. Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729 (1958); Jones v. Attorney General of the United States, supra, (statutory motion treated as one for a writ of error coram nobis).

While the foregoing principles set out some of the general philosophy of the law regarding the questions presented by the motion before the court, the short answer to the motion is found in the ruling of the Seventh Circuit in United States v. Farrar, 346 F.2d 375 (7th Cir. 1965). There in the trial court the appellant raised virtually the same issues the petitioner has raised by his motion before this court, all relating to alleged events preceding his arraignment and plea of guilty. These included: illegal arrest, illegal detention, and various irregularities in the preliminary proceedings before the commissioner. He also contended that a confession was extracted from him by coercion. He contended that as a result of the alleged irregularities and the coerced confession his plea of guilty was involuntary and without understanding. Based on the record the motion to vacate sentence pursuant to Title 28 U.S.C. § 2255 was denied by the trial court without a hearing. Judge

Swygert, speaking for the Court of Appeals, stated at 376:

"If the record sustains the conclusion that the guilty plea was entered voluntarily and understandingly, the other issues are not properly before us under a section 2255 motion."

Referring to an earlier decision of the Seventh Circuit, Judge Swygert stated:

"When asked to reverse a conviction on the grounds that a confession was illegally obtained, this court held that the sentence was not subject to attack when the defendant had freely and knowingly entered a plea of guilty. United States v. French, 274 F.2d 297 (7th Cir. 1960). 'A plea of guilty, if understandingly and voluntarily entered, is conclusive. Nothing more is required.'" Ibid.

In the case at bar the record as shown herein and the transcript of the court proceedings clearly show that the petitioner entered his plea of guilty to each of the two counts of the indictment voluntarily and understandingly. He was represented and advised by competent, self-selected counsel. He cannot now collaterally attack that plea by claiming irregularities preceding it. United States v. Farrar, supra, at p. 376.

Where, as here, the record shows conclusively that petitioner's allegation that his guilty pleas were involuntary is groundless, the trial court is not required to grant him a hearing. Ibid. In the *Farrar* case the court stated:

"A movant under section 2255 need not be allowed to appear in a district court for a full hearing with no regard to 'how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense.' Machibroda v. United States, 386 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)." 346 F.2d at 376.

Since it appears conclusively from the record that the petitioner is entitled to no relief, and since the court has provided herewith a copy of the transcript of the proceedings in the District Court, rendering moot the request for the transcript in forma pauperis, the request for leave to proceed in forma pauperis and the "Special Motion" to set aside the judgment of conviction in Cause No. NA 59–CR–7, should be and the same are denied.