**UNITED STATES of America,
Plaintiff,**

v.

**David Eugene LISKA, Defendant.**

**Civ. A. No. 75–C–703.**

United States District Court,
E. D. Wisconsin.

April 9, 1976.

William J. Mulligan, U. S. Atty., by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

G. Dennis Adams, El Cajon, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

David Eugene Liska has filed a petition for writ of error coram nobis, seeking to vacate a plea of guilty entered on May 5, 1947, in *United States of America v. David Eugene Liska,* Case No. 486 Crim.S (E.D.Wis.). In support of his petition, Liska asserts that his Sixth Amendment right to the assistance of counsel was not knowingly, intelligently, or freely waived, and that his plea of guilty has the result of duress, coercion, or fear. The Government has responded by filing a brief requesting that the Court dismiss the petition without a hearing. For the reasons hereinafter stated, the Government's request will be denied and the petitioner will be granted an evidentiary hearing in this matter.

Under 28 U.S.C. § 1651(a), coram nobis lies to correct errors of the most fundamental nature where a criminal defendant has completed his sentence or is otherwise not in custody and where circumstances compel such action to achieve justice. *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The entry of a plea of guilty in a federal court without the aid of counsel or a competent and intelligent waiver of the assistance of counsel is a denial of a fundamental constitutional guaranty, providing the basis for the issuance of a writ of coram nobis. See, e. g., *United States v. Morgan, supra; United States v. Sullivan,* 278 F.Supp. 626 (D.Hawaii 1968).

The attorney for the Government asserts that the transcript of the proceedings held on May 5, 1947, indicates that the defendant was advised of his right to counsel and waived that right, and that the defendant should not be heard to go beyond the record itself. An evidentiary hearing should be denied only where the files and records conclusively show that the petitioner is entitled to no relief. *Ybarra v. United States,* 461 F.2d 1195 (9th Cir. 1972); *Ownesby v. United States,* 353 F.2d 412 (10th Cir. 1965), cert. denied 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305 (1966); *Lauchli v. United States,* 292 F.Supp. 538 (S.D.Ind. 1968). Where, however, as here, the petitioner has alleged in a sworn affidavit facts which, if true, might well entitle him to some form of relief, it would be improper to deny him a hearing on his claim. *Waller v. United States,* 432 F.2d 560 (5th Cir. 1970); *United States v. Strother,* 434 F.2d 1292 (5th Cir. 1970); *United States v. Capsopa,* 260 F.2d 566 (2d Cir. 1958). See also *Lujan v. United States,* 424 F.2d 1053, 1055 (5th Cir.

1970), cert. denied 400 U.S. 997, 91 S.Ct. 474, 27 L.Ed.2d 447 (1971):

"We note particularly that the facts here are disputed, the record is inconclusive, and the government has not even attempted to refute Lujan's allegation that he [did not knowingly waive his right to counsel]. Such matters require an evidentiary hearing for resolution. * * * Hearings to consider attacks on the constitutionality of a criminal conviction are not to be nonchalantly denied. On the contrary, courts have a solemn duty to ferret the allegations for symptoms of constitutional infirmities. The petition and documents before us convince us that Lujan's claims are neither fatuous nor groundless. It is only where the files and records show that a petitioner is entitled to no relief that a hearing can be denied. * * * This case does not fit that mold. Neither procedural complexities nor prison paranoia may forfend evidentiary hearings when such hallowed relief is sought."

The attorney for the Government also maintains that the petition should be denied without a hearing in light of the petitioner's failure to allege that good cause exists for his delay in seeking relief. It should be beyond cavil, however, that laches is not available to the United States as a defense to a petition for the writ of error coram nobis. *United States v. Marcello,* 210 F.Supp. 892, 895 (E.D.La.1962), affirmed 328 F.2d 961 (5th Cir. 1964), cert. denied 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045 (1964).

While delay is not without practical consequence and legal significance, it does not bar the action:

" * * * If a defendant without good reason waits a long time before asserting his claimed right, with the consequence that many witnesses are dead, he might have difficulty maintaining his burden of proof, or a heavier burden of proof might be imposed upon him. See *United States v. Morgan,* 222 F.2d [673] at page 675. But where the fundamental constitutional right has been denied, an accused should not be precluded from relief because he cannot satisfy a court that he had good cause for any delay in seeking it. 'To permit a defense of laches to the writ would, in effect, denude it of one of its essential characteristics—the power to hurdle a time factor.' *Haywood v. United States,* D.C.S.D. N.Y., 127 F.Supp. 485, 488. * * * *Farnsworth v. United States,* 98 U.S. App.D.C. 59, 232 F.2d 59, 63 (1956). See also Annotation, "Delay as Affecting Right to Coram Nobis Attacking Criminal Conviction," 62 A.L.R.2d 432 (1958).

The other grounds submitted by the attorney for the Government in support of the request to dismiss the petition without a hearing are equally without merit.

IT IS THEREFORE ORDERED that the Government's request to dismiss the petition for a writ of error *coram nobis* without a hearing is denied, and an evidentiary hearing will be set by the court.