## STATE *v.* NICHOLAS THOMPSON.

### *Appeal—Practice.*

1. A defendant who has been convicted in the inferior court is not entitled to a trial *de novo* before a jury upon an appeal to the superior court, but only to a review of the questions of law passed upon by the inferior court.

2. Upon such an appeal the appellant must present for the consideration of the appellate tribunal a "case" made and settled, embodying the points in controversy in the court below, in the same manner as on an appeal from the superior to the supreme court.

(*State v. Walker*, 82 N. C., 696; *State* v. *Murray*, 80 N. C., 364; *State* v. *Powell*, 74 N. C., 270, cited and approved.)

INDICTMENT for larceny, tried at Spring Term, 1880, of CHATHAM Superior Court, before *Seymour, J.*

The defendant was indicted and tried by a jury in the

inferior court of Chatham. The bill contained two counts, one for larceny the other for receiving. The jury found him guilty of larceny only. There was a motion by defendant to arrest the judgment, which was overruled and the defendant was sentenced to five years imprisonment in the penitentiary at hard labor, from which judgment he appealed to the superior court, where at said term the case was called for trial, and His Honor having announced that it did not appear there was any "case" made and settled upon appeal, the defendant's counsel moved for and insisted upon his right to a trial *de novo* in the superior court, but the motion was denied, and it was adjudged that there being no case as required by law, the cause be remanded to the inferior court to be proceeded in according to law, and the defendant appealed.

*Attorney General*, for the State.
*Mr. J. H. Headen*, for defendant.

ASHE, J. The record in this case presents two questions for the consideration of this court: 1. Whether a defendant who had been tried and convicted by a jury in the inferior court, upon his appeal to the superior court has a right to a trial by a jury *de novo* in that court; and, 2. Whether there was error in the ruling of His Honor in remanding the case to be proceeded in according to law.

The first question has been decided at this term in the case of *State* v. *Ham, ante*, 590, where it was held that on an appeal from the inferior to the superior court from a judgment rendered in the former court upon a verdict of guilty, the defendant has no right to a trial *de novo*, upon the facts of his case, in the latter court, but only to have his case reviewed upon any decision in the inferior court on any matter of law or legal inference that may have arisen on his trial in that court, in the same manner and under the same restrictions provided now by law for appeals from the supe-

rior to the supreme court of the state. There was no error in His Honor's holding that the defendant was not entitled to a trial *de novo* upon the merits of his case in the superior court, nor in ruling that it was necessary in every appeal from the inferior to the superior court there should accompany the transcript from the inferior court " a case" made and settled under the same rules and restrictions as are required in appeals from the superior to the supreme court. Act 1879, ch. 141. They must therefore be taken in accordance with the provisions of section 301 of the Code of Civil Procedure. And one of the essential requisites of an appeal to this court is, that a " concise statement of the case" shall be made and filed with the clerk to be transmitted to this court as part of the record, for the want of which the judgment will be affirmed unless there is error apparent in the record, in which case it would be the duty of the judge to arrest the judgment or award a *venire de novo. State* v. *Walker,* 82 N. C., 696; *State* v. *Murray,* 80 N. C., 364; *State* v. *Powell,* 74 N. C., 270. It is to be presumed there was no error in the record, as none is assigned by the defendant's counsel, and none found by the judge below.

There is no error. Let this be certified to the superior court of Chatham county, to the end that that court may certify its decision to the inferior court.

PER CURIAM.                                                No error.