STATE v. JOHN LANIER.

*Indictment—Motion in arrest and to quash—Endorsement on bill no part of record.*

1. Judgment can be arrested only for matter appearing, or for some matter which ought to, but does not appear in the record.
2. Neither a motion in arrest nor a motion to quash will lie upon the ground that the endorsement on a bill that the witnesses were sworn and sent to the grand jury is not signed by the clerk, for it is no part of the record.
3. There is a presumption in favor of the legality of the finding of the jury.
4. But where the accused establishes the fact that the bill was found without evidence or upon illegal evidence, it may be quashed or the matter pleaded in abatement.

*State* v. *Thompson*, 83 N. C., 595; *State* v. *McIntire*, 2 Car. Law Rep., 287; *State* v. *Roberts*, 2 Dev. & Bat., 540; *State* v. *Harward*, Winst., 228; *State* v. *Guilford*, 4 Jones, 83, cited and approved).

INDICTMENT for larceny tried at Fall Term, 1883, of BEAUFORT Superior Court, before *Avery, J.*

*Attorney-General*, for the State.
No counsel for the defendant.

SMITH, C. J.   The defendant charged in the bill with larceny was put on trial in the inferior court of Beaufort upon his plea of not guilty and convicted by the verdict of the jury. His counsel thereupon moved in arrest of judgment for the reason

that it did not appear that the witnesses, whose names were endorsed upon the bill as being examined by the grand jury, had been sworn. Opposite the name of each witness was a cross, and underneath were written the words, "those marked thus X sworn and sent," without signature. The motion was sustained and the state appealed.

The statement of counsel sent with the record to the superior court represents that a preliminary motion was made to quash, the consideration of which was reserved until after the rendition of the verdict, and was then allowed and the appeal then taken.

Upon the hearing in the superior court the judgment in the inferior court was reversed and ordered to be certified to that court, from which ruling the defendant appeals, and brings up for review the correctness of the reversing judgment.

As an appeal from an inferior court to a superior court is only allowed "for error assigned in matters of law in the same manner and under the same restrictions provided by law for appeals from the superior courts to the supreme court," and the record proper bearing the signature of the judge shows a reversal of the judgment in arrest made after trial, we are confined to an examination of that ruling alone. THE CODE, §809; *State* v. *Thompson,* 83 N. C., 595.

The judgment of His Honor was entirely correct and finds ample support in principle and authority, and the motion could not be entertained after verdict.

In *State* v. *McIntire,* 2 Car. Law Rep., 287, an indictment for murder, removed from Rutherford to Lincoln county for trial, where the objection was that the transcript did not show the bill to have been found upon evidence under oath, or that any witness was sworn and sent to the grand jury, in answer to the objection, TAYLOR, C. J., says: "The bill was found a true bill by the grand jury, and it cannot be presumed that it was found without evidence."

Upon the same point we quote fuller remarks of RUFFIN, C. J., in *State* v. *Roberts,* 2 Dev. & Bat., 540, also an indictment for murder: "Judgment can be arrested only for matter

appearing in the record, or for some matter which ought to appear and does not appear in the record. If a bill of indictment be found without evidence or upon illegal evidence, as upon the testimony of witnesses not sworn in court, the accused is not without remedy. *Upon the establishment of the fact*, the bill·may be quashed or the matter may be pleaded in abatement. But the *judgment cannot be arrested*, for it is no part of the record, properly speaking, to set forth the witnesses examined before the grand jury or the evidence given by them, more than it is to set out the same things in reference to the trial before the petit jury. ·A. memorandum of the witnesses intended to be used is generally made on the bill by the prosecuting officer for his own convenience, that he may know whom to call; and the clerk usually avails himself of it, and marks the names of such as are sworn, in aid of his memory, if the fact should be disputed. But none of these endorsements are parts of the bill, or are proper to be engrossed in making up the record of a superior court, which merely states that it was presented by the jurors for the state upon their oaths." *State* v. *Harwood*, Winst.,·228; *State* v. *Guilford*, 4 Jones, 83 ; 1 Whar. C. L., §489.

The rule applies, if not with equal force, to the preliminary motion to quash *upon the same grounds*.

The same author cited above, in section 520, lays down the rule in these words :

"An indictment will not be quashed upon the ground that the endorsement upon it, stating that the witnesses were sworn and sent to the grand jury, is not signed by the clerk," and in support of the proposition he cites, *State* v. *Tucker*, 20 Iowa, 508 ; *State* v. *Cole*, 19 Wisc., 120 ; *State* v. *Fee, Ib.*, 562 ; *State* v. *Logan*, 1 Nev., 509.

The principle is, that proof that illegal evidence was heard by the grand jury or none was before them, in order to impeach their action, must come from the accused ; and if none such is produced, the presumption in favor of the legality of their finding will prevail.

If the memorandum is to be considered as evidence that the witnesses named were examined, it is also evidence that they were sworn, and before a person competent to administer the oath.

There is no error in the judgment of reversal rendered in the superior court, and this will be certified.

No error.                                         Affirmed.