## STATE v. GEORGE PORTER.

(Filed 19 December, 1924.)

**1. Criminal Law—Statutes—Carnal Knowledge of a Female Child.**

Upon the trial of the criminal offense of carnally knowing a female child over twelve and under sixteen years of age (C. S., 4209, and amendment of 1923), the defendant may not enter a plea of guilty and thereafter withdraw the plea and enter a defense as a matter of right, and the sentence will be sustained in the absence of abuse of the court's discretion.

**2. Same—Amendments to Statutes.**

When the defendant would not be guilty of the offense prohibited by C. S., 4209, but has since continued to carnally know a female child thereafter, the plea that his continued acts after the passage of the amendment of 1923 would not make him guilty thereunder cannot be sustained.

**3. Appeal and Error—Criminal Law—Burden to Show Error—Record.**

On defendant's appeal from judgment against him in violation of the provisions of C. S., 4209, amended in 1923, he must show error upon the face of the record, or his exception to the judgment cannot be sustained.

APPEAL by defendant from *Midyette, J.,* at May Term, 1924, of HARNETT.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Young, Best & Young for defendant.*

PER CURIAM. The defendant was indicted for carnally knowing and abusing a female child, over twelve and under sixteen years of age, in breach of C. S., 4209, as amended by Public Laws 1923, ch. 140. When the case was called for trial the defendant, who was represented by counsel, entered a plea of guilty, which was accepted on behalf of the prosecution. For the information of the court, the State then examined the prosecutrix, whose testimony was corroborated and whose character was shown to be good. She testified that the defendant was her father's

second cousin; that he first had intercourse with her in April, 1923, and afterwards on several occasions, the last of which was immediately prior to the finding of the indictment, and that she was born on 20 April, 1908. The bill was returned by the grand jury at the May Term of 1924.

At the conclusion of the evidence the defendant moved for permission to withdraw his plea, on the ground that he had been misinformed as to the age of the prosecutrix and that his submission had been inadvisedly entered.

The amendment of 1923, *supra,* raising the age of consent from fourteen to sixteen years, went into effect on 1 July, 1923. The defendant contends that if his plea were withdrawn he could not be convicted on the State's evidence, for two reasons: (1) because the first act of intercourse occurred in April, 1923, and the prosecutrix was then over the age of fourteen; (2) because similar acts taking place after the amendment became effective would not constitute a breach of the statute, the prosecutrix having previously had intercourse with the defendant.

Whatever may be said of the first proposition, the second cannot be maintained. *S. v. Hopper,* 186 N. C., 405, *Hardin v. Davis,* 183 N. C., 46; *S. v. Johnson,* 182 N. C., 883.

The defendant had no right to withdraw his plea as a matter of law, and there was no abuse of discretion on the part of the court.

The appellant has not pointed out any error on the face of the record, and his motion in arrest of judgment was properly denied. *S. v. Lanier,* 90 N. C., 714; *S. v. Bryan,* 89 N. C., 531.

The judgment, to which exception was noted, is sustained by *S. v. Rippy,* 127 N. C., 517.

We find

No error.