STATE v. LIGE HALL AND LONNIE PRESNELL.

(Filed 4 January, 1939.)

1. **Rape § 8—Evidence held sufficient to be submitted to the jury and justify verdict of carnal knowledge of female child under 16.**

     The evidence in this prosecution of defendants for rape and for carnally knowing a female child over twelve years of age and under sixteen years of age, who had never before had sexual intercourse with any person, C. S., 4209, *is held* sufficient, considered in the light most favorable to the State, to be submitted to the jury and sustain the verdict of guilty as to both defendants on the second count, notwithstanding discrepancies in the testimony of the principal witness, a deaf and dumb girl testifying through an interpreter, her testimony on the main features of the case being clear, direct and consistent.

2. **Criminal Law §§ 57, 82—**

     A motion for new trial for misconduct or prejudice of the jury in a criminal case must be made in the court below at the proper time, and cannot be considered when made for the first time in the Supreme Court upon appeal.

3. **Rape § 6: Indictment § 8—**

     A charge of rape and a charge of carnally knowing a female person between the ages of 12 and 16 years, C. S., 4209, may be properly joined

in separate counts in one indictment, C. S., 4622, and it is not error for the trial court to refuse to make the State elect between the counts.

**4. Indictment § 22: Rape § 10—**

The offenses of rape and carnal knowledge of a female between the ages of 12 and 16 are such that the jury may find defendants guilty of the lesser crime. C. S., 4640.

**5. Rape §§ 1, 8: Criminal Law § 81c—**

On charges of rape and carnal knowledge of a female between the ages of 12 and 16 years, the State is not required to point out evidence of consent in order to sustain a conviction of the lesser crime, and such conviction upon sufficient evidence, even in the absence of evidence of consent, is favorable to defendants and they may not complain.

**6. Rape § 1: Criminal Law § 8b—**

Two defendants may be properly convicted of carnal knowledge of a female child between the ages of 12 and 16 years who had never before had sexual intercourse with any other person upon evidence showing that the defendant who first had intercourse was aided and abetted by the other in the preparation for the crime.

APPEAL of defendants from *Pless, J.,* at August Term, 1938, of YANCEY. No error.

The defendants were tried under an indictment containing two counts —one for rape and one for carnally knowing a female child over twelve years of age and under sixteen years of age, who had never before had sexual intercourse with any person. C. S., 4209. The jury found them guilty on the second count.

The evidence pertinent to the exceptions brought up on the appeal may be summarized as follows:

Kathleen Robinson, a deaf and dumb girl of the age of fourteen years, residing in or near Burnsville, was walking along the highway leading to the center of town about dusk of a July evening. The defendant Hall, with a companion, Sam English, was riding in the same direction in Hall's automobile. The car stopped, English opened the door, and the girl got in. Later, English and the girl got out and Hall went off and returned with a different car. The three of them rode to a filling station, and leaving there the car slid into a ditch. English and the dumb girl stood by while the car was pulled out of the ditch. At another filling station Presnell joined them. They then drove to town, where English left the girl with the defendants.

The defendant Hall carried the girl to a cafe, where they had sandwiches. Here he was observed trying to put his arm around the girl. It was in evidence that Hall and Presnell had been drinking. Thereafter, they were seen at various places. About 10:30 o'clock, a witness testified, Hall came into his shop to get a check cashed and said he had a woman out in the car and was in a hurry.

Defendants testified that they drove to Presnell's grandfather's, where Presnell roomed; that they tried to get the girl to write her name to find out where she lived, but without success. Hall testified that he brought her back to Burnsville and put her out near the depot.

Kathleen Robinson, the dumb girl, through an interpreter, testified that Hall and Presnell carried her to a house in the country and to a room, took off all her clothing, both defendants participating, and placed her on a bed, where first the defendant Hall had full sexual intercourse with her, Presnell meantime retiring from the room, and when this act had been accomplished Presnell returned and had sexual intercourse with her. She stated that her hands were forcibly held behind her and that she tried to scream but was unable to do so. She testified she had not had sexual intercourse with any man before.

She was unable to identify clearly the house to which she was carried, although she made two attempts to do so, and pointed out at each place some similarity to the place to which she had been carried. Occupants of these houses testified that she had not been there.

Mrs. Mary Robinson, the mother of Kathleen, testified that the girl was fourteen years old and had been deaf and dumb all her life; that she had been going to the Deaf and Dumb School at Morganton for five years. She testified that her daughter left the house about 7:20 in the evening, making motions to show that she was going to town. She had been going to revival meetings for a week and had been accustomed to go to the meeting by herself, but the mother would go and come back with her. She came back at 2:10 in the morning. Witness saw a car at Clyde Bailey's store and saw her daughter turn the corner at the depot, walking pretty fast. When she got to the house she didn't see anybody at the car but heard some men talking and the car stood there about a minute before it left. When she asked her daughter where she had been the girl simply said: "Away and away." "She was dirty as could be and worried to death; seemed lifeless. She went to bed in a few minutes and got up the next morning, ate breakfast, and went back to bed. She made a statement sometime afterward." The girl showed the mother that it was a car that took her off, and what kind of a car it was; showed that she had drunk whiskey, Coca-Cola or something out of a bottle; told her how they treated her, about being put to bed and her clothes taken off, and about their having intercourse with her. She took her daughter to the doctor for an examination. Witness exhibited the clothing her daughter had on at the time she left the house and stated at that time the clothing had been laundered clean. Witness stated that her daughter had not been out of the house late at night before, only just long enough to go to church and come back.

There was considerable evidence with regard to the movements of Hall, Presnell, English, and the girl prior to leaving town.

The defendants admitted being in the car with the girl and carrying her to a place near the home of Presnell's grandfather, but denied abusing her in any way. Both stated that Hall returned from Presnell's grandfather's alone with the girl, and Hall stated that he had put her out at the depot some time around 11:30 o'clock.

Hall and Presnell are both married men.

Dr. W. B. Robertson testified that he had made a physical examination of the girl and gave it as his opinion that she had had sexual intercourse shortly prior to that time.

On the trial below counsel for the defendants, in apt time, moved the court to require the solicitor to make an election between the first and second count in the submission of the case to the jury, which the court declined to do, and defendants excepted.

There were exceptions to the admission and exclusion of evidence.

At the conclusion of the State's evidence, and at the conclusion of all the evidence, defendants moved for judgment as of nonsuit, which was overruled.

The defendants excepted to the charge to the jury as not complying with C. S., 564, in properly stating the evidence and the law applicable thereto. From the judgment upon the verdict, the defendants appealed.

Defendants in this Court moved for a new trial for misconduct of jurors. ·

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Charles Hutchins, Briggs & Adkins, and Watson, Fouts & Watson for defendants, appellants.*

SEAWELL, J. On the motion for nonsuit, we think the evidence was sufficient to go to the jury and fully justified the verdict. It is true that there were discrepancies in the testimony of the principal witness, such as came, no doubt, from her infirmity, but as to the main features of the case her testimony was clear, direct, and consistent; and looking upon it in its most favorable light to the State, the motion for nonsuit was properly overruled. *S. v. Eubanks,* 209 N. C., 758, 184 S. E., 839; *S. v. Ammons,* 204 N. C., 753, 169 S. E., 631.

A motion for new trial for misconduct or prejudice of the jury in a criminal case cannot be entertained in this Court when made here for the first time. That is a motion which must be made in the court below at the proper time, according to the practice of the court.

The charge of rape and that of carnally knowing a female person between the ages of twelve and sixteen years, under C. S., 4209; ch. 140, sec. 1, Public Laws of 1923, were properly joined in separate counts in

one indictment, since they are related in character and grew out of the same transaction; C. S., 4622; and are properly left to the jury under the general plea of not guilty, without any requirement on the part of the State to make an election. *S. v. Smith,* 201 N. C., 494, 497, 160 S. E., 577. Under the evidence in the case at bar the jury might, with propriety, find the defendants guilty on the second count.

These offenses are of such a nature as to come within the provisions of C. S., 4640, permitting the jury to find the defendants guilty of the lesser crime, if they do not deem the evidence sufficient to warrant a conviction on the first.

Again, in a case of this sort the State is not forced to undergo the embarrassment of inconsistency in pointing out evidence of consent to sustain the conviction for the lesser crime. Even if there were no evidence from which consent could be inferred, when the jury has convicted the defendants of the lesser offense, when they should have been convicted of a graver crime, while the verdict is plainly improper; *S. v. Smith, supra; S. v. Cox,* 201 N. C., 357, 361, 160 S. E., 538; the verdict is favorable to defendants and they cannot complain. *S. v. Walls,* 211 N. C., 487, 495, 191 S. E., 232; *S. v. Smith, supra; S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605; *S. v. Allen,* 186 N. C., 302, 119 S. E., 504.

This case is unique, perhaps, in the prosecution for offenses against this statute, since both defendants have been tried and convicted under the same charge of having carnal knowledge of a female child over twelve and under sixteen years of age, who has not previously had sexual intercourse with any person. C. S., 4209. This dumb girl unhesitatingly pointed out Hall as the first person who had intercourse with her and Presnell as the one who abused her immediately afterwards, both defendants having taken off her clothing and both defendants replacing it after their purpose was accomplished. Each defendant, under the evidence, aided and abetted the other in the crime committed, and both could be considered as actually present at the time of the commission, since both participated in the preparation for the crime. *S. v. Hart,* 186 N. C., 582, 120 S. E., 345.

An interesting question, unnecessary to the decision of this case, arises as to whether, under the evidence in this case, Presnell could plead the act of Hall, with consent of the girl, in his own defense against the charge of carnally knowing the girl, since he aided and abetted Hall in his crime and participated therein. *S. v. Porter,* 188 N. C., 804, 125 S. E., 615.

We have examined all the exceptions in the case and find no reversible error.

No error.