**John Arthur LUOMOLA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17377.**

United States Court of Appeals
Ninth Circuit.

April 5, 1962.

Sol Rosenthal, Beverly Hills, Cal., for
appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Chief Criminal Division, Asst. U. S. Atty., and Meyer Newman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury on one count of smuggling marihuana into the United States. Jurisdiction existed below pursuant to 21 U.S.C. § 176a, (19 U.S.C. §§ 1461, 1484 and 1485 (and exists here pursuant to 28 U.S.C. § 1291.

But two errors are urged. *First:* that the court erred in not admonishing the jury to disregard certain remarks made by the prosecuting attorney in argument to the jury. *Second:* that the court erred in not granting the defendant a continuance, after a motion for new trial had been denied, and before sentence, so that new counsel of defendant's choice rather than court appointed counsel could represent defendant.

■ We agree with the trial judge that there was no need to admonish the jury by reason of counsel's argument; that the prosecution's remarks fall well within the permissible bounds of legitimate argument to a jury in response to an argument advanced by defense counsel.

■ On the second issue, appellant was given his full right of allocution, not once but several times. He advised the trial judge that he wished to have two witnesses (one a doctor) testify on his behalf before sentence. The doctor was not to testify with respect to appellant's mental condition, but to give an *opinion* as to whether appellant had smuggled drugs previously. The lay witness (the arresting officer who had already testified and been cross-examined in the case) was to testify that it was his *belief* the defendant had been "set up" for his arrest.

The testimony of neither witness was material or relevant at the time of sentence, even were we to assume it was admissible (which we do not). The court

properly denied any further delay in sentencing. Counsel then representing defendant was fully aware of all previous proceeding, and was fully, if not more, competent to represent defendant at the time of sentence than any new attorney.

Finding no error, we affirm.