Justino **BENITEZ SUAREZ**, Petitioner, Appellant,

v.

**UNITED STATES** of America, Respondent, Appellee.

No. 6254.

United States Court of Appeals First Circuit.

March 3, 1964.

Justino Benitez Suarez, *pro se*, on motion for the appointment of counsel.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

This is a petition for the appointment of counsel to prosecute an appeal from an

order entered by Senior Circuit Judge Albert B. Maris sitting by designation and assignment in the United States District Court for the District of Puerto Rico summarily denying a motion under Title 28 U.S.C. § 2255 to vacate or set aside sentences imposed years before by the regular judge of that court. An examination of the files of the court below shows that on March 8, 1957, Benitez Suarez appeared in the court below with counsel of his own choice and pleaded guilty to three indictments charging violations of federal narcotics laws. He was sentenced to ten years on one indictment, to ten years concurrent on another, and to five years consecutive on the third. On October 18, 1963, he filed a motion *pro se* under § 2255 to vacate or set aside those sentences.

His first contention is that the sentences are illegal because they were not imposed in the order in which the offenses alleged in the indictments were committed. That is to say, he contends that he should have been sentenced first for the offense alleged to have been committed first, second for the offense alleged to have been committed second and third for the offense alleged to have been committed third. The contention is patently without any possible merit and utterly frivolous.

His second contention is that a search of his apartment by police officers at the time of his arrest on May 19, 1956, which brought to light a substantial quantity of heroin, was illegal for lack of a search warrant. This contention also has no merit. It is too late after knowingly and voluntarily pleading guilty to assert an unlawful search and seizure, for a conviction and sentence on a plea of guilty is based solely and entirely on the plea and not upon any evidence which might have been illegally obtained by the prosecution. Thomas v. United States, 290 F.2d 696, 697 (C.A. 9, 1961), cert. denied, 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962), and cases cited.

Equally without substance is Benitez's contention on this appeal that Senior Circuit Judge Maris had no authority to pass on his motion under § 2255 for the reason that a judge of a court established by Congress under Article III of the Constitution of the United States cannot be designated and assigned to sit on a court such as the United States District Court for the District of Puerto Rico established under the territorial power conferred upon Congress by § 3 of Article IV.

Since our examination of the files discloses no substance whatsoever in Benitez's contentions, we see no purpose either in appointing counsel for him or in giving further consideration to the questions presented on his appeal. Wherefore as in Joyce v. United States, 1 Cir., 327 F.2d 531, we shall not only deny Benitez's petition for the appointment of counsel but also *sua sponte* affirm the order of the court below.

Judgment will be entered affirming the order of the District Court.