Edward C. BAKER, Petitioner,

v.

K. B. BAILEY (Warden), Central Prison, Raleigh, North Carolina, Respondent.

Civ. No. 1728.

United States District Court
E. D. North Carolina,
Raleigh Division.

Aug. 27, 1965.

Edward C. Baker, pro se.

T. Wade Bruton, Atty. Gen., of N. C., by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon a petition for a writ of habeas corpus, filed by a State Prisoner pursuant to the provisions of Title 28 U.S.C.A. § 2254. Issues were joined upon the respondent answering the petition and moving to dismiss.

Petitioner alleges that his rights guaranteed him by the Constitution of the United States were denied him in the following particulars:

(1) "I was arrested, then taken to the said scien (sic) of crime without having a warrant read or issued to me.

(2) "I was questioned at said scien (sic) of crime, without a warrant being issued against me and without the aid of counsel.

(3) "My home was searched without a warrant, and evidence taken was used illegally against me.

(4) "Instead of being taken before a majistrate (sic) or to jail, after my arreast (sic) without a warrant, I was taken to the said scien (sic) of the crime.

(5) "The person who is guilty of the crime I was caarged (sic) with was never arrested or questioned, although I named this person.

(6) "My lawyer protected his friend who is guilty of the crime I am charged with."

## FINDINGS OF FACT

Petitioner was arrested on April 11, 1963 upon a warrant issued for his arrest on April 4, 1963 and charging him with the murder of one Elizabeth Wells Baker on April 3, 1963. The warrant further shows that probable cause was determined at a Preliminary Hearing on April 11, 1963, whereupon no bond was allowed for petitioner's release. Petitioner was represented at this Hearing by his privately retained counsel.

The face of the warrant further indicates it to have been executed on April 11, 1963, and signed by the executing officer on that date.

At the May "A" Term, 1963, of the Superior Court of Wake County, a true bill of indictment was returned by the Grand Jury against petitioner for the murder of Elizabeth Wells Baker.

At the July Assigned Criminal Term, on July 16, 1963, Wake County Superior Court, in Case No. 8682, petitioner's counsel entered on his behalf a plea of guilty to the crime of second degree murder, the same being accepted by the State and the Court. Petitioner was thereupon sentenced to a period of incarceration in the State Prison System to not less than twenty-eight (28) years, nor more than thirty (30) years.

Under date of October 2, 1964, petitioner filed a "Petition For Review Of The Constitutionality Of Criminal Trial" (commonly called a petition for "Post-Conviction Hearing"). The grounds stated therein:

"What is the effect of counsel for the defense being incompetent?

"Did counsel for the defense have the right to enter a plea of guilty for the Petitioner?"

In addition, the following contentions appear from the content of the petition for Post Conviction Hearing:

"Your petitioner will prove at the hearing that this friend of Mr. Joslyn (sic), had a great instreat (sic) in this case (Petitioner will withhold his name until the time of the hearing).

"And further the court records will show they (sic) was no direct testimony presented concerning presented the actual crime charged and the testimony presented was conflicting some perjered and heresay (sic)."

The record shows petitioner was arrested on April 11, 1963, and was given a preliminary hearing that same day. He was represented at the Hearing, and throughout the course of his defense by the same privately retained counsel, William Joslin, Esquire, and his associate counsel in the case, Robert L. McMillan, Jr., Esquire, both attorneys being learned and competent members of the bar of the State of North Carolina, having considerable experience in the trial of criminal matters.

Counsel consulted with petitioner frequently between the time of his arrest on April 11, 1963, and the time of his trial on July 16, 1963. After weighing all the possibilities, probabilities, and related matters, it was the considered opinion of these attorneys that it was in petitioner's best interest to enter a plea of guilty to the offense of murder in the second degree, rather than face a jury trial for the offense of murder in the first degree with the possibility of the death sentence being imposed.

Counsel expressed their opinion to petitioner frequently during the course of their consultations with him, and although he was at first non-committal, uncommunicative, and apparently undecided as to what to do about the proposed plea of guilty to murder in the second degree, petitioner finally authorized the plea to be entered on the Sunday preceding the trial of July 16, 1963.

Petitioner not only had the benefit of the advice of his retained counsel and associate, but also received learned advice from William E. Rouse, Jr., Esquire, an attorney friend of petitioner's son. Attorney Rouse visited petitioner with Attorney Joslin, upon the request of petitioner's son, in order to persuade him to follow the advice of his counsel and to plead guilty.

On July 16, 1963, petitioner's retained counsel and his associate, in open court,

entered the plea of guilty to the crime of murder in the second degree on his behalf. Petitioner was present in court at this time, and although he did not make any statement, he had the opportunity to do so. He in no way indicated to the Court or his attorneys any protest or objection to the plea being entered.

Evidence was then offered by the State and by the petitioner, and statements were made on petitioner's behalf by his counsel prior to the time sentence was imposed. Whether the evidence met the usual standards required when a case is being tried before a jury is not before the Court under the circumstances of this case because it was received upon a guilty plea.

In relation to the question of whether Attorney Joslin was acting in the best interest of petitioner or on behalf of the "unnamed friend", the Court notes that petitioner sets out no evidentiary allegations in support of this contention. At the same time, he makes no attempt to impune the motives of the other attorneys who concurred with Attorney Joslin in recommending the plea. Nothing appears in this record other than petitioner's bare allegation to cause the Court to inquire further into this frivolous allegation.

The Court further notes that petitioner, in his State Post-Conviction Hearing petition, attacked the voluntariness of his plea of guilty, but that he has abandoned this attack in this Court. Be that as it may, the Court has not only considered all those allegations directly enunciated by him but has also examined the petition, response and record to determine if any reason appears to the Court to consider the question of an involuntary guilty plea further, and no such reason appears.

## CONCLUSIONS OF LAW

■ The Court having determined that the plea of guilty was freely and voluntarily consented to by petitioner, especially in light of the fact that petitioner has abandoned this contention in this Court, the Court notes at the outset that any irregularities which may have occurred prior to the time petitioner entered his plea of guilty may be considered waived if it appears that the plea was intelligently and voluntarily made. See Cerniglia v. United States, 230 F.Supp. 932 (N.D.Ill.1964) and cases cited therein; and Farrar v. United States, 233 F. Supp. 264 (W.D.Wis.1964).

As previously noted, petitioner has made no attempt in this Court to attack the actual plea of guilty, and there appear no facts or circumstances in the record, petition, or answer to indicate that the plea was coerced from petitioner, or that it was induced from him in a manner contrary to the dictates of the Constitution of the United States. This plea of guilty was entered only after petitioner had conferred with his privately retained counsel, his associate counsel, and counsel sent to him by his own son. It is indicated that all abided petitioner's final decision. See on voluntary pleas of guilty, Harvard Law Review, Vol. 78, pp. 1440–1442, and cases cited therein.

■ Petitioner complains of various irregularities in the trial and pre-trial procedures. It is not every error or mistake on the part of a petitioner's counsel, or on the part of the State or its officers that entitles a petitioner to relief; it is only that error which denies him due process of law. Harmless error does not entitle the petitioner to a new trial, and it certainly does not entitle him to release, for if it did then this Court could seize jurisdiction upon every technical error committed by a State trial court or a State trial attorney, thereby reducing the usefulness of the State judiciary. See Fahy v. State of Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); and United States v. Guerra, 334 F.2d 138 (2nd Cir., 1964).

■ In considering every contention of petitioner it is impossible to escape the fact that he entered a plea of guilty after conferring with three different attorneys who were unanimous in recommending such a plea. The law is frequently stated that a petitioner cannot collaterally attack those alleged denials of

his constitutional rights which may have occurred prior to the trial or the entering of a plea of guilty. United States v. French, 274 F.2d 297 (7th Cir., 1960); Thomas v. United States, 290 F.2d 696 (9th Cir., 1961); United States v. Wagner, 309 F.2d 7 (6th Cir., 1962); Gawantka v. United States, 327 F.2d 129 (3rd Cir., 1964); Hoffman v. United States, 327 F.2d 489 (9th Cir., 1964); Suarez v. United States, 328 F.2d 473 (1st Cir., 1964); and Harvard Law Review, Vol. 78, p. 1440, supra.

It must be remembered that the State judgment was based upon petitioner's plea, and not upon any evidence entered in the case. Suarez v. United States, 328 F.2d 473, supra. It would have been of little benefit to petitioner, therefore, to have the Court restrict the evidence and manner of presenting it to those rules which control the admission of evidence when the question of a defendant's guilt or innocence is yet to be determined by a jury. Petitioner had already pleaded guilty, and that plea is the equivalent to a conviction in North Carolina. State v. Wilson, 251 N.C. 174, 110 S.E.2d 813 (1959). The Court did not need this evidence in order to impose sentence, but it was admitted to assist it in determining the circumstances surrounding the offense, and the sentence to be imposed.

It appears that the plea of guilty was in the best interest of petitioner when it is realized that he could have received a sentence of death from the hands of a jury. The Court is not bound to accept the plea of guilty, nor is the solicitor required to see such plea entered without resisting it. The petitioner's life was in jeopardy and his counsel must have seen this plea as an opportunity to be assured of petitioner escaping with his life.

## ORDER

Therefore, it is ordered that the petition for writ of habeas corpus be, and the same is hereby denied.

It is further ordered that the respondent's motion to dismiss be, and the same is hereby allowed.