Howard S. MILLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19934.

United States Court of Appeals Ninth Circuit.

Oct. 19, 1965.

Rehearing Denied Nov. 26, 1965.

Burton Marks, Beverly Hills, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Burt S. Pines, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

Appellant and five codefendants were charged in a thirty count indictment with mail fraud (18 U.S.C. § 1341) and fraud in sale of securities (15 U.S.C. § 77q(a) and 77x). Appellant originally pled not guilty. After one change of retained counsel, appellant and another defendant (McDonald) requested leave to withdraw their pleas of not guilty, and enter new pleas. Miller pleaded nolo contendere to counts one through thirty; McDonald to counts one, two and eighteen. The case went to trial as to all remaining defendants. The trial lasted two months, during which appellant was on the stand testifying for several days. One defendant was acquitted and two defendants entered pleas of nolo contendere to one count, and one defendant pleaded guilty to a misdemeanor.

At time for sentencing on the nolo pleas, counsel for appellant and McDonald, acting for both, informally raised a question as to McDonald's plea of nolo contendere. At the time for sentencing, counsel for both defendants requested a continuance of sixty days on behalf of both defendants, primarily to determine if defendant McDonald had voluntarily withdrawn his plea of not guilty and voluntarily entered his nolo contendere plea. No representation was made by counsel as to any lack of understanding by appellant of his action, nor any representation that there was any detriment to Miller in counsel jointly representing him and his codefendant, but only a possible undetermined conflict of interest. The trial judge denied the motion for delay as to appellant and granted it as to codefendant McDonald. He then sentenced the appellant.

A defendant has no legal right to withdraw his plea of guilty. United States v. Lias, 173 F.2d 685 (10th Cir. 1949). There is not the slightest proof of appellant's nonparticipation in the crime charged, nor any mistake or inadvertence on his part, nor fear or fraud or misrepresentation practiced against him. The trial judge had personally ob-

served the defendant at the trial. He had heard the testimony appellant himself gave, and that given by others, which cast appellant in the role of principal:—"the ring leader," to quote the trial judge. The judge listened patiently to a long statement from the defendant in allocution, in which the defendant failed to deny his acts; expressed no regrets for what he had done; but blamed his lawyers, the Securities Exchange Commission, the State Corporations Commissioner, the prosecuting attorneys, his codefendants—in fact, everybody but himself. The trial judge obviously did not "buy" this approach. (Rep'trs Tr. 37–39.)

The granting or denial of a motion for a continuance is purely within the discretion, judicially exercised, of the trial judge. On appeal, an abuse of that discretion must be shown before that discretion will be disturbed. There is here a total lack of any showing of abuse. In fact, quite the opposite appears. Luomola v. United States, 301 F.2d 138 (9th Cir. 1962), cert. den. 373 U.S. 924, 83 S.Ct. 1525, 10 L.Ed. 422 (1963).

The notice of appeal was filed as a "protective measure" so that defendant's right to appeal would not lapse "prior to the hearing of any motion to set aside the plea of guilty." (Clk's Tr. 47.) In support of motion for bail made below, counsel for appellant stated:

> "[A]ffiant deposes that he is in the process of preparing a motion before the Honorable Charles Carr to have heard an application to set aside the plea of guilty heretofore entered by defendant. Said motion will be filed within the next few days." (Clk's Tr. 49.)

Bail was fixed, and the defendant released. No motion was ever made on behalf of Miller. (Supp. Clk's Tr.)

The defendant McDonald *was* granted, before his sentence, an extension of time within which to file a motion to withdraw his plea of nolo contendere. This *was* filed, and in support of McDonald's motion a statement was made by counsel representing both defendant McDonald and Miller at the trial which said:

> "Finally, McDonald decided he had no alternative but to enter a plea of Nolo Contendere. I felt at that time and still do that defendant Miller's plea was indeed the wisest course for him because of his inextricable involvement in this complex offense." (Supp. Clk's Tr.)

This appeal has no foundation or merit in law or fact. It is a travesty on the administration of justice to permit it, and to enable newly employed counsel to gain delay for an unrepentant defendant before serving his sentence. It is in our opinion a frivolous appeal.

Affirmed.