772

**Eddie PADGETT, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 534.**

United States District Court
E. D. North Carolina,
Elizabeth City Division.

Dec. 28, 1965.

Eddie Padgett, pro se.

Robert H. Cowen, U. S. Atty., by John R. Hooten, Asst. U. S. Atty., for respondent.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon petitions to vacate and set aside sentence, filed in forma pauperis and pursuant to Title 28 U.S.C.A. § 2255. Issues were joined upon respondent filing answer and moving for dismissal of the petitioner's motions.

In the first petition dated October 15, 1965, it is contended that petitioner is entitled to a hearing due to the fact that the Court, in sentencing petitioner stated, "as a special recommendation, the Court requests that the defendant be given psychiatric treatment and observation if necessary." Petitioner further insists he has not received any psychiatric care although the Court corresponded with the petitioner to the effect that he needed extensive personalized psychotherapy.

Under date of October 26, 1965 another motion to vacate was submitted. Numerous grounds are asserted in this

second petition, all attacking the constitutionality of sentence:

(1) " * * * petitioner wishes to show the Court that the inditement [sic] is false and is not correct." To substantiate this contention, petitioner alleges that the parish in Louisiana from which it is stated the stolen automobile was transported in the indictment is false. Petitioner states that the authorities can not show the automobile was transported therefrom..

(2) " * * * that he plead [sic] guilty to such a inditement [sic] under pressure * * * and that his court appointed council [sic] refused to visit him in jail where he was confined."

(3) " * * * the petitioner was not tried in the district wherein the inditement [sic] shows the crime to have been comitted [sic] and also that the court cannot show this crime comitted [sic] according to the place the inditement [sic] charges."

(4) "Petitioner contends that no positive identification was made * * * at the time of his hearing and that there being no intent to commit a crime shown * * * *."

(5) " * * * questioned without benefit of council [sic] upon his arrest in Mobile, Alabama * * *."

(6) " * * * the F.B.I. did break into his apartment where he and his family were living and arrested petitioner and did not have or could produce a search warrant * * *."

Under date of November 3, 1965 yet another petition was submitted by petitioner wherein he again restated his prior contentions. He alleged, in addition, the following:

(1) " * * * that the petitioner made a plea of guilty under pressure and with the understanding that he would be sent to a hospital, this understanding being presented to him by his attorney."

(2) " * * * the automobile described in the indictment was not stolen as accused in the indictment, but was purchased with a worthless check * *."

In addition, petitioner has filed "Response to: U. S. Attorney's Answer to Petitioner's Motion to Vacate & Set Aside Sentence." He states therein that although the Court directed a mental examination to be had, none was provided for petitioner. He further alleges that such an examination is vital to petitioner. He further states that the Court should have provided the examination of petitioner prior to passing sentence. (No facts are alleged to show the Court why petitioner's mental capacity to plead should be questioned.) He also states in this Response that although he was given the opportunity to change his plea from guilty to not guilty, he was actually afraid to do so because the United States Attorney also threatened to prosecute petitioner's wife if the guilty plea was withdrawn.

## FINDINGS OF FACT

Petitioner came on for arraignment and plea on May 24, 1965 and he was sentenced on May 26, 1965. Petitioner and his wife were both indicted for the interstate transportation of a stolen motor vehicle, in violation of Title 18 U.S. C.A. § 2312. The indictment charged petitioner and his wife with transporting the described Rambler automobile from Baton Rouge, Louisiana to Elizabeth City, North Carolina, knowing the same to be stolen.

An attorney was appointed to represent the petitioner and his wife, Nelia Brunfield Padgett. Petitioner entered a plea of guilty, and his wife, Mrs. Padgett, entered a plea of not guilty. Prior to entering the pleas, petitioner and his wife, as co-defendant, conferred with the court-appointed attorney and with each other. The indictment was also read to them, with a copy of it given to petitioner. Also, the maximum penalties provided by law were explained to petitioner. After this procedure, petitioner stated in open court that he understood the offense charged and the maximum possible sentence he might receive. At this time, he also expressed satisfaction with the services and advice given him by his attorney.

Petitioner further advised the Court that he made his plea of guilty freely and voluntarily and without the influence of inducements or promises, and free from coercive influences or other considerations. The plea of guilty was then accepted by the Court, and a motion to dismiss the indictment as to Mrs. Padgett was allowed, the motion to dismiss was not resisted by the United States Attorney.

The United States Attorney then proceeded into the presentation of evidence, and he submitted the evidence in a manner based upon petitioner's plea of guilty. Petitioner was given the opportunity to address the Court, and he made statements concerning the condition of his various bank accounts. In response to these statements the Court continued prayer for judgment until the following day, May 25, 1965. This was done in order to verify or disprove these statements of petitioner concerning his financial condition and the bank accounts.

On the morning of May 25, 1965, evidence was again presented by the United States and by the petitioner. Prayer for judgment was again continued to May 26, 1965. This continuance was granted upon the request of petitioner.

Petitioner was afforded the opportunity to withdraw his plea of guilty if he so desired. If he did change his plea, however, the United States Attorney advised him that it would be necessary to proceed to trial against both the defendants upon the indictment as it was originally drawn. He was advised that both petitioner and his wife would have to be tried together.

Petitioner stated that it was his intention and desire to maintain his guilty plea. Then, and only after petitioner stated his intentions, did the Court proceed to judgment.

On May 26, 1965, in Case No. 2254—Criminal Elizabeth City Division, petitioner was sentenced to a period of imprisonment in the Federal Prison System of three (3) years. He is now incarcerated in the Federal Penitentiary, Atlanta, Georgia.

On July 29, 1965, this Court received a Psychological Report from the United States Penitentiary, Atlanta, Georgia, as requested in the judgment of May 26, 1965. After inquiries were made by petitioner to the Court concerning such psychological reports and treatment, the Court advised petitioner on October 1, 1965 that this report had been received. He was also advised as to its contents by this same letter from the Court. It is this letter of October 1, 1965, to which petitioner makes reference in his first motion to vacate sentence under date of October 15, 1965.

## CONCLUSIONS OF LAW

■ Before attempting to delve into the effect of every allegation made by petitioner, the Court notes that it is generally recognized that any irregularities which may have occurred prior to the time he made his plea of guilty may be considered waived. That is, of course, if it appears that the guilty plea was intelligently and voluntarily made. See Cerniglia v. United States, 230 F.Supp. 932 (N.D.Ill.1964); Dixon v. Bailey, 246 F.Supp. 100 (E.D.N.C.1965); and Baker v. Bailey, 246 F.Supp. 131 (E.D.N.C. 1965).

■ At this point in the proceedings the Court is in the process of determining if a hearing is required. If it can be conclusively shown from the motion, files and records that he is entitled to no relief, then a hearing is not required. See Title 28 U.S.C.A. § 2255; Machibroda v. United States, 368 U.S. 487, 82 S. Ct. 510, 7 L.Ed.2d 473 (1962); United States v. Taylor, 303 F.2d 165 (4th Cir., 1962); and Jones v. United States, 290 F.2d 216 (10th Cir., 1961).

The first undertaking of this Court then is an examination of the record to determine if petitioner's plea of guilty was, in fact, intelligently and voluntarily made. In this respect, and before accepting the plea, at the arraignment on May 24, 1965, the Court made full inquiry into the voluntariness and understanding of the plea made by the petitioner. At that time the petitioner indi-

cated, and the Court found the plea was freely, voluntarily and intelligently made although he did make a statement indicating there was some doubt as to petitioner's financial status at the time the offense occurred in petitioner's mind.

On the basis of petitioner's expressed doubt concerning his financial and banking status, the Court continued prayer for judgment in order to examine the truth and substance of such statements of doubt.

On the following day, May 25, 1965, another hearing on petitioner's guilty plea was had, and prayer for judgment was again continued. Finally, on May 26, 1965 after advising petitioner that he could withdraw his plea of guilty and go to trial, and only after being informed by petitioner that he never had the intention of withdrawing his plea, did the Court proceed to sentence petitioner. The Court also heard evidence and resolved all the questions concerning the petitioner's expressed doubts relating to his financial and banking status before proceeding to sentence him.

■ The statement by the United States Attorney to the effect that if the plea of guilty was withdrawn then he would want to try both defendants as originally indicted does not control the Court at this point, when it comes to the question of the voluntariness of the plea. The plea was entered prior to the wife being dismissed. In any event, the case appears to be controlled by the rule stated in Kent v. United States, 272 F.2d 795, 798 (1st Cir., 1959).

"There are many reasons why a defendant may choose to plead guilty. They do not, simply by being denominated 'fears,' necessitate the conclusion that the plea was not voluntary. The fact that a defendant is told that his brother and others will be called to testify against him if he stands trial can not be illegal coercion, at least in the absence of an allegation that their testimony would have been false. * * * Similarly, petitioner recites that his fiancee 'confessed' in writing, and orally acknowledged her confession to him, and that he was told she would be charged as an accessory. We are not prepared to say that it can be coercion to inform a defendant that someone close to him who is guilty of a crime will be brought to book if he does not plead. If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments."

■ It is also appropriate to note that a criminal defendant has no legal right to withdraw his plea of guilty once it has been properly made by him and accepted by the Court. Miller v. United States, 351 F.2d 598, 599 (9th Cir., 1965). This is especially true when it appears that the plea was understandingly and intelligently made.

■■ In spite of petitioner's many contentions, most of which are of no relevance to the question of the constitutionality of the actual plea, trial and sentencing of petitioner, it does not appear that the plea of guilty was involuntarily made. Surely, the record of petitioner's own statements in open court conclusively refute those allegations now advanced after petitioner has had the time to reflect and confer with other prisoners. His allegations do not meet the burden of proof placed upon him. See United States v. Hill, 319 F.2d 653 (6th Cir., 1963); Williams v. United States, 290 F.2d 217 (5th Cir., 1961); and Cain v. United States, 271 F.2d 337 (8th Cir., 1959). It is incumbent upon petitioner to meet his burden. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); and Starks v. United States, 264 F.2d 797 (4th Cir., 1959).

■ He has failed to do so when the record is examined and the testimony in open court clearly refutes those contentions advanced in the motions. If the petitioner fails to make allegations of fact with some probability of verity then the Court in its discretion may determine that a full evidentiary hearing is

not warranted. See Rush v. United States, 225 F.Supp. 843 (E.D.La.1964).

### ORDER

Therefore, it is ORDERED that petitioner's motions to vacate and set aside sentence be, and the same are hereby denied.

It is further ORDERED that respondent's motion to dismiss be, and the same is hereby allowed.