STATE OF NORTH CAROLINA v. WILLIAM LEON MORRIS AND WILLIAM MOSES CRAVEN

No. 6815SC386

(Filed 16 October 1968)

1. **Criminal Law § 23— motion to withdraw guilty plea**

   A motion to be allowed to withdraw a plea of guilty after the plea has been accepted and sentence imposed is addressed to the sound discretion of the trial court, and no abuse of discretion is shown in the denial of such a motion where it appears that defendant was represented by counsel and entered the plea voluntarily and understandingly.

2. **Constitutional Law § 36— punishment within statutory limits**

   Punishment which does not exceed the limits fixed by statute cannot be considered cruel and unusual in the constitutional sense.

APPEAL by defendants from *Beal, S.J.,* 3 June 1968, Criminal Session, ALAMANCE County Superior Court.

The defendants freely, voluntarily, and understandingly entered pleas of guilty to six felonies of breaking and entering and six felonies of larceny. After the imposition of a sentence of ten years in one case and two years to commence at the expiration of the ten year sentence in another case, and the continuance of the prayer for judgment for five years in the remaining cases, each defendant made a motion to be permitted to withdraw the pleas of guilty and have a jury trial. To the refusal of the trial court to permit this, each defendant excepted and appealed.

*Lee W. Settle, Attorney for defendant appellants.*

*Thomas Wade Bruton, Attorney General, Harrison Lewis, Deputy Attorney General, and Charles W. Wilkinson, Jr., Staff Attorney, for the State.*

CAMPBELL, J.

[1] The defendants assign as error the denial by the trial judge of the motion to withdraw their pleas of guilty and the request for a jury trial. The withdrawal of such a plea after its acceptance by the court and the imposition of sentence "is not a matter of right, and a motion to be allowed to so retract is addressed to the sound discretion of the court." *State v. Crandall,* 225 N.C. 148, 33 S.E. 2d 861. "This is especially true when it appears that the plea was understandingly and intelligently made." *Padgett v. United States,* 252 F. Supp. 772 (E.D.N.C. 1965). "Motions of such character are addressed to the sound discretion of the trial court," and counsel

for the defendants frankly admits that there was no abuse of discretion in the instant case. *Rachel v. United States,* 61 F. 2d 360 (8th Cir., 1932). *State v. Porter,* 188 N.C. 804, 125 S.E. 615.

> "Defendant has not shown that there has been any violation of his fundamental constitutional rights or that he was denied the substance of a fair trial in a situation where he was not in a position to protect himself because of ignorance, duress, or other reasons for which he should not be held responsible. The record shows affirmatively that defendant, who was represented by counsel, understood the charges against him, the nature and effect of his pleas of guilty, and the maximum sentences which might lawfully be imposed upon him if he entered such pleas, and that he entered the pleas of guilty to the offenses charged voluntarily, without threats or inducements or promises, and with a full understanding of the effect and possible consequences of such pleas of guilty. . . . Even if defendant had not been warned by . . . anyone of his constitutional rights, it seems manifest under the particular facts of this case and his pleas of guilty as above set forth that he intentionally, understandingly, and voluntarily relinquished or abandoned such rights. *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 146 A.L.R. 357." *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34.

**[2]**     It is contended by the defendants that the sentences imposed were too harsh; however, the punishment did not exceed the statutory limit. G.S. 14-54. "We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330. *Mathis v. State of North Carolina,* 266 F. Supp. 841 (M.D.N.C. 1967).

The language of the North Carolina Supreme Court in *Elliott* (*supra*) is appropriate:

> "The appeal in the instant case is a conspicuous illustration of the abuse of the power of appeal by an indigent defendant in a criminal case . . . and to have the taxpayers put to the expense of paying for the cost of the transcript of the trial proceedings, the cost of mimeographing the record and the brief filed for defendant, and of paying a fee to the defendant's lawyer for his services on appeal, when there is no merit at all in the appeal."

No error.

MALLARD, C.J., and MORRIS, J., concur.